HOLDEN v. EVANS. (No. 6546.)

(Court of Civil Appeals of Texas. San Antonio. April 13, 1921. Rehearing Denied May 11, 1921.)

**1. Pleading ⊚⇒236(3)—Permitting plaintiff to file trial amendment discretionary with court.**

Permitting plaintiff to file trial amendment to petition is within discretion of the trial court, subject to correction for any abuse thereof.

**2. Trial ⊚⇒351(5)—Refusal of requested special issue held proper, in view of special issue submitted.**

Refusal of requested special issue, "At the time defendant entered into the contract to sell to plaintiff the rooming house and property in question, did defendant have authority from the owners of said property to sell the same?" held proper, in view of submitted special issue as to "whether defendant had authority from the owners to sell upon the particular terms of the contract made by him with E. (plaintiff)."

**3. Appeal and error ⊚⇒704(1)—No review of refusal of special issue without record showing issues submitted.**

Assignments of error complaining of refusal to submit requested special issue will not be considered, where no record references are given in the statement under the assignment,

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

either as to the issues given or the issues tendered, and where the appellate court is unable to determine from the brief whether or not the issue tendered was embraced in the special issues actually given.

**4. Appeal and error ☞725(2), 742(3), 743(1) —Assignments of error complaining of overruling of exceptions held insufficient for consideration.**

Assignments of error complaining of action of court in overruling special exceptions, without a statement thereunder and without the special exceptions being set out, in substance or otherwise, and without record references being given or a showing made as to action taken on the exceptions, will not be considered.

**5. Appeal and error ☞742(5)—Assignment of error submitted as a proposition held too general for consideration.**

Assignment of error submitted as a proposition, without being followed by a specific proposition, that "it was error for the court to submit the charge to the jury at failed and refused to instruct the jury upon whom rested the burden of proof" without record references, and without setting out the charge given by the court, *held* too general for consideration.

**6. Trial ☞255(3)—Failure to instruct on burden of proof not error, in absence of request therefor.**

Failure to charge jury as to burden of proof *held* not error, in absence of a request for an instruction covering the omission.

Error from District Court, Tarrant County.

Action by E. J. Evans against C. W. Holden. Judgment for plaintiff, and defendant brings error. Affirmed.

Graves & Houtchens, of Fort Worth, for plaintiff in error.

Simpson & Moore, of Fort Worth, for defendant in error.

SMITH, J. Writ of error from a judgment in favor of E. J. Evans against C. W. Holden, growing out of a deal by which the latter, as a real estate dealer and agent of the owner, agreed to sell and deliver to Evans the furniture in a Fort Worth hotel. Defendant in error has filed no briefs, and we are unable to clearly ascertain from plaintiff in error's brief just what the trouble is. The cause was submitted on special issues, but these special issues are not shown in the briefs, nor are the answers of the jury thereto. The judgment of the lower court is not set out in full or in substance in the briefs, and just what that judgment was, or for what amount, is not shown.

The first assignment of error complains of the overruling of the general demurrer, but the statement thereunder is not sufficient to enable this court to determine to its own satisfaction whether or not the petition of plaintiff below was good as against a general demurrer. However, we have examined the petition set out in the transcript, and have concluded that it states a cause of action. The first assignment of error is accordingly overruled.

[1] The second assignment of error is overruled. In that assignment plaintiff in error complains of the action of the court in permitting plaintiff below to file a trial amendment. Such matters are within the discretion of the trial court, subject, of course, to correction for any abuse thereof. We do not think the court in this instance abused that discretion; it is not shown that any injury resulted to plaintiff in error by reason of the exercise of that discretion.

In his third assignment of error plaintiff in error complains of the refusal of the court below to give the following requested special issue:

"At the time defendant entered into the contract to sell to plaintiff the rooming house and property in question did defendant have authority from the owners of said property to sell the same?"

[2] It does not appear in the statement under the assignment whether the matter embraced in this issue was included in any of the issues submitted to and answered by the jury, these issues not being shown in the brief, but in the argument under that assignment it appears that the matter was submitted by the court in a special issue, "whether defendant had authority from the owners to sell upon the particular terms of the contract made by him with Evans"; this quotation being from said argument. Given no more light than shines from plaintiff in error's brief upon this particular transaction, we are not prepared to hold that the court erred in refusing to give this requested special issue; on the contrary, it seems to us that the issue as given was the better way to submit the matter.

[3] We overrule the fourth assignment of error, in which complaint is made of the refusal of the court below to submit to the jury plaintiff in error's requested special issue No. 2. We are unable to determine from the brief whether or not the issue therein tendered was embraced in the special issues actually given, and which are not shown in the brief. No record references are given in the statement under this assignment, either as to the issues given or the issue tendered.

For obvious reasons we also overrule the fifth assignment of error, which we quote:

"The court erred in failing and refusing to submit to the jury defendant's bill of exception No. 4."

[4] The sixth to the ninth assignments of error complain of the alleged action of the court in overruling certain special exceptions of plaintiff in error. No statement is given

under either of these assignments. The special exceptions are not set out, in substance or otherwise; it is not shown what action was taken on them; no record references are given. The assignments therefore will not be considered.

The tenth assignment of error, submitted as a proposition and followed by no specific proposition, is as follows:

"It was error for the court to submit the charge to the jury at failed and refused to instruct the jury upon whom rested the burden of proof."

[5, 6] The statement under this assignment gives no record references, nor does it purport to set out the charge given by the court, and is too general to invite consideration. However, it appears that plaintiff in error requested no special charge covering the alleged omission, and the assignment is accordingly overruled.

The eleventh assignment of error complains of the overruling of plaintiff in error's "objections and in submitting to the jury special issue No. 8."

The statement under this assignment does not set out special issue No. 8, or the substance thereof, or the objections thereto, and the assignment will therefore be disregarded.

The judgment is affirmed.