**PEOPLE'S GUARANTY STATE BANK (DAYTON STATE BANK, Intervener) v. HILL et al. (No. 1003.)***

(Court of Civil Appeals of Texas. Beaumont. Nov. 29, 1923. Rehearing Denied Dec. 12, 1923.)

1. **Pleading** ⬉⚯93(1)—**Defendant may set up inconsistent defenses in separate pleas or counts of answer.**

Defendant may set up in his answer as many defensive matters as he deems advisable, if embraced in separate pleas or counts, though inconsistent, so long as each is consistent within itself.

2. **Pleading** ⬉⚯258(3)—**Trial amendments separating pleas of forgery and fraud in obtaining deeds held admissible.**

A trial amendment curing a defective answer by separating a plea of forgery from that of fraud in obtaining deeds *held* permissible.

3. **Fraudulent conveyances** ⬉⚯266(1)—**Allegations of fraud in procurement of deeds held sufficient.**

Allegations by a defendant, in a suit in the nature of a creditors' bill, that certain deeds were procured by false representations and pretenses by grantee, another defendant, that they should be executed by grantor and that they were only releases or quitclaims, *held* sufficient

⬉⚯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 30, 1924.

allegations of fraud in procurement of the deeds.

**4. Pleading ⟨key⟩279(4)—Plea of partnership in supplemental petition held improper.**

In an action on a note against the maker and one alleged to have received conveyances of his property, for the purpose of defrauding creditors, a plea of partnership between defendants first asserted in a supplemental petition, *held* not an answer to facts pleaded by the latter defendant but an attempt to assert a wholly new cause of action, which could be properly asserted only by an amended petition.

**5. Appeal and error ⟨key⟩544(1)—Error in permitting filing of affidavit of forgery of deeds not considered in absence of statement of facts.**

In the absence of a statement of facts showing whether recorded deeds, alleged by appellee to have been forged or fraudulently procured, were offered in evidence by appellant as authorized by agreement of the parties, and the evidence as to forgery thereof, alleged error in permitting the filing of an affidavit of forgery cannot be considered.

**6. Appeal and error ⟨key⟩907(3)—Findings presumed warranted by evidence in absence of statement of facts.**

In the absence of a statement of facts, the appellate court presumes that there was evidence warranting the trial court's findings.

**7. Judgment ⟨key⟩16, 807—Direction that no personal judgment be rendered against non-resident defendant approved.**

A conclusion of law that no personal judgment should be rendered against a nonresident maker of a note sued on, and that the amount of the judgment against him be realized out of his interest in property ordered to be sold approved.

**8. Costs ⟨key⟩101—Assessment of fee of defendant's attorney as part of costs charged to codefendant held erroneous.**

Assessment of the fee of an attorney, appointed to represent a nonresident maker of a note sued on, as part of the costs charged to a codefendant, acquitted of an alleged conspiracy to assist the maker in defrauding creditors by accepting conveyances of his property, *held* erroneous.

Appeal from District Court, Liberty County; D. F. Singleton, Judge.

Action by the People's Guaranty State Bank, for which the Dayton State Bank was substituted, against F. W. Hill and M. W. Hill. From the judgment rendered, plaintiff appeals, and defendant M. W. Hill files cross-assignments of error. Reformed and affirmed.

H. E. Marshall and L. A. Kottwitz, both of Houston, for appellant.

C. F. Stevens, of Houston, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Liberty county by the People's Guaranty State Bank of Dayton, Tex., against F. W. Hill and M. W. Hill, to recover the balance due on a promissory note executed by F. W. Hill in favor of said bank, in the original sum of $1,400, but the balance due claimed was $1,076.68, together with interest and attorney's fees, as provided by the note. It was not sought by the plaintiff to hold the defendant M. W. Hill liable as a maker of the note or as surety or indorser of same, but his liability was predicated upon the alleged fact that he had conspired with F. W. Hill, and had taken conveyances from F. W. Hill to all of the latter's property in Liberty county, for the purpose of aiding and abetting F. W. Hill in delaying, defeating, and defrauding the latter's creditors, including the plaintiff. It was alleged that F. W. Hill was the son of M. W. Hill; and that F. W. Hill left Liberty county about the 13th of January, 1919, but, before doing so, conveyed all of his property to his father, M. W. Hill, with the intention of hindering, delaying, and defrauding F. W. Hill's creditors, including the plaintiff; and that M. W. Hill knew of such intention and purpose on the part of F. W. Hill in making such conveyances. It was further alleged that the value of the property so conveyed by F. W. Hill to M. W. Hill was at least $2,500, and greatly in excess of the amount of the note sued on. Plaintiff's prayer was for judgment against both F. W. and M. W. Hill for the full amount of the balance due on the note, together with the interest and attorney's fees, as provided in the note.

On the same day the plaintiff's petition was filed, it caused to be issued and levied a writ of attachment on several tracts of land in Liberty county, which, it was claimed, belonged to F. W. Hill.

F. W. Hill, as shown by the plaintiff's petition, was not a resident of Liberty county, and his whereabouts were unknown, and he was cited by publication in this suit, and the trial court appointed an attorney, Hon. J. F. Dabney, of Liberty county, to represent him. He filed an answer through his attorney, in which he denied generally the allegations in plaintiff's petition, and alleged, specially, that certain real property described in the plaintiff's petition as having been fraudulently conveyed by him to his father, M. W. Hill, was in fact, not so fraudulently conveyed by him, and further alleged, in that same connection, that said property was, in fact, his homestead, and was occupied by him as such at the time of the conveyance of same to his father, M. W. Hill, and that there was not and could not be a fraudulent conveyance of same, as claimed by the plaintiff.

M. W. Hill, who was also a nonresident, and who resided in the state of Ohio, filed

an answer, in which he interposed a general demurrer, special exceptions, which are immaterial here, a general denial, and specially denied any conspiracy or fraud on his part to hinder, defeat, or delay any of F. W. Hill's creditors. M. W. Hill further specially alleged in his answer that certain deeds of record in Liberty county, purporting to have been made by him to F. W. Hill, were forgeries, or, if not, they were obtained from him by F. W. Hill by false representations, fraud, etc. This special plea was all in one paragraph of the answer.

Before the case was reached for trial, the Dayton State Bank intervened in the suit, alleging that since the filing of same, it had absorbed and taken over the People's Guaranty State Bank, the original plaintiff, and that all assets, causes of action, etc., belonging to the original plaintiff, now belong to intervener, Dayton State Bank, and it prayed to be permitted to prosecute the suit as plaintiff, and this was done. The Dayton State Bank, after becoming plaintiff, adopted all the allegations contained in the petition of the original plaintiff, and intervener will hereinafter be referred to as plaintiff.

After becoming plaintiff in the suit, the Dayton State Bank filed its first supplemental petition in answer to M. W. Hill's original answer, and specially excepted to that paragraph of same which undertook to plead, in the same count, the forgery of certain deeds, or that they had been procured from him by false pretenses and false representations, etc., as above shown. This special exception was sustained by the trial court, and the defendant M. W. Hill thereafter filed a trial amendment curing this defect, and pleading forgery of the deeds in one paragraph of the trial amendment, and in another paragraph he alleged, substantially, that if such deeds appeared of record in Liberty county, they were procured from him by his son, F. W. Hill, by false representations and statements and pretenses on the part of F. W. Hill, in that F. W. Hill represented to him that such instruments should be executed by him, and that they were only releases or quitclaims, and not conveyances of any land, and that, so believing, he executed such deeds, if, in fact, they were executed, and that at the time of doing so, he did not read such instruments, and did not intend to thereby convey any land to the said F. W. Hill; that he was old and infirm at said time; and that if such instruments were, in fact, signed by him, he was misled and defrauded into doing so by the said F. W. Hill.

To this trial amendment by M. W. Hill, plaintiff filed a supplemental petition, in which he renewed his exceptions to the plea of forgery and fraud, relating to the deeds, as contained in Hill's trial amendment, and also plaintiff, in this supplemental petition, for the first time, alleged, in substance, that at the time of the execution of the note upon which this suit is based, F. W. Hill and M. W. Hill were partners, and that the money loaned by the bank, for which the note was given, was used by the partnership, and that it was, in fact, a partnership obligation, and, upon these facts, it was sought, in the supplemental petition, to hold M. W. Hill liable on the note as a partner of F. W. Hill in the execution of the note.

To this plea of partnership, interposed for the first time by the supplemental petition, M. W. Hill specially excepted on the ground, in substance, that the suit against M. W. Hill, being in the nature of a creditor's bill, the allegation in the supplemental petition upon which he was sought to be held liable as a partner, constituted a new and different and distinct cause of action, then asserted against him for the first time by the supplemental petition, and that the same being advanced for the first time by the supplemental petition, it was out of the due order of pleading, and could not be advanced by a supplemental petition. This is, in substance, the special exception directed against the plea of partnership as contained in the supplemental petition. This special exception was sustained by the trial court, and, so far as reflected by the record, plaintiff did not offer or ask leave to file any amended pleading setting up the claim of partnership, and the cause then proceeded to trial before the court without a jury. The result was a judgment in favor of plaintiff against the defendant F. W. Hill for the sum of $1,365.24, which included the balance of principal and interest due on the note to the time of trial and the attorney's fees, as provided by the note; and, in the judgment, it was further provided that a one-sixth interest of the land which had been levied on by the attachment belonged to defendant F. W. Hill by inheritance from his deceased mother, and that the judgment rendered against him should be satisfied by the share of this one-sixth interest in the land levied on, but no further personal judgment was rendered against him. All costs of the suit were adjudged against the defendant M. W. Hill, including an attorney's fee of $75 to Hon. J. F. Dabney, who, as we have shown, was appointed to represent the defendant F. W. Hill, and the attachment lien was foreclosed against the land levied on to satisfy such judgment for costs and attorney's fees. The plaintiff gave notice of and perfected its appeal to this court, and the defendant M. W. Hill also filed cross-assignments of error.

[1, 2] Appellant's first contention is, in substance, that M. W. Hill should not have been permitted to combine in his answer, as was done by his trial amendment, a plea of forgery of the deeds referred to therein, with a plea setting up, in the alternative, that the deeds were fraudulently procured. It is ap-

pellant's contention in this connection that these pleas were wholly inconsistent and contradictory. We think this contention is untenable, and must be overruled. It is a well-established rule of pleading in this state that a defendant may set up in his answer as many defensive matters as may be by him deemed advisable, so long as such defensive matters are embraced in separate pleas or counts, and it matters not that the counts are inconsistent, so long as each plea is consistent within itself. We have shown that the defendant's trial amendment separated the plea of forgery from that of fraud in obtaining the deeds, and such pleading was permissible under the rule. Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471; Welden v. Texas, etc. Meat Co., 65 Tex. 487; Postal Telegraph Co. v. Harriss, 56 Tex. Civ. App. 105, 121 S. W. 358, 122 S. W. 891.

[3] There is nothing in appellant's second contention, to the effect that the plea of fraud in the procurement of the deeds did not contain a statement of sufficient facts to show fraud. We have shown above what the allegations of fraud were, as contained in the trial amendment of the defendant.

[4] By the third, fourth, fifth, and sixth propositions, it is appellant's contention, in substance, that the trial court was in error in sustaining the special exception of M. W. Hill to the plea of partnership asserted for the first time by appellant's first supplemental petition. In this connection, appellant contends that the plea of partnership was nothing more than an answer to facts pleaded by the defendant M. W. Hill in his answer, and that it is the proper office of a supplemental petition to present matters in reply to defensive matters set up by the adversary. We do not think the trial court was in error in sustaining this special exception. We do not regard the plea of partnership interposed by the supplemental petition as being an answer to anything interposed by the answer of M. W. Hill. On the contrary, it was an attempt on the part of the plaintiff, by the supplemental petition, to assert and urge, for the first time, liability on the part of M. W. Hill on the note made the basis of this suit, on the ground that he was a partner of F. W. Hill, and that the money which the note represented was procured by F. W. Hill in a partnership transaction. This was wholly a new cause of action asserted for the first time by the supplemental petition, and such is not the office of a supplemental petition. This new cause of action could have only been properly asserted by an amended petition and might have been done by a trial amendment, unless the trial court should have denied it on the ground of surprise to the defendant M. W. Hill. We overrule these contentions.

[5] During the progress of the trial, appel-lant offered in evidence the record of three certain deeds purporting to have been executed by M. W. Hill to F. W. Hill between the dates of October 30, 1914, and March 13, 1917, which purported to convey to F. W. Hill certain tracts of land in Liberty county. This was offered for the purpose on the part of appellant of showing that the property conveyed by these deeds had once gone into F. W. Hill, and, we presume, though there is nothing in the record to show it, that appellant intended to afterwards show that this property had been reconveyed to M. W. Hill by F. W. Hill, in keeping with the alleged conspiracy between them. At this juncture, counsel for appellee M. W. Hill asked permission of the trial court to file an affidavit of forgery as against these three deeds, and this was permitted over appellant's objection. The objection was upon the following grounds, in substance: (1) That the description of the land contained in the affidavit of forgery as to all the deeds was wholly insufficient as an affidavit of forgery; (2) that the affidavit was inadmissible because the same was not filed three days before the trial was commenced, and notice of same given to appellant; and (3) that to permit the filing of the affidavit of forgery, as was done, had the effect to place upon appellant the burden of proving the genuineness of such deeds.

It is unnecessary that we should determine whether the description of the land mentioned in these deeds, as contained in the affidavit of forgery, was sufficient or not, or to determine whether the affidavit should have been filed three days before the trial or not, or whether the filing of the affidavit had the effect of placing the burden upon appellee to prove that the deeds were genuine. The record shows an agreement of the parties to read from the Deed Records of Liberty county any and all instruments that they might desire to introduce in evidence. Under this agreement, appellant had the right to introduce in evidence the deed records of Liberty county, showing the execution of these three deeds, if he desired to do so, notwithstanding the affidavit of forgery. There is nothing in the record to indicate that appellant was not permitted to put these three deeds in evidence, as contained in the deed records of Liberty county, and there is no showing that he did not put them in. There is no statement of facts in the record at all, and it is impossible for this court to tell how many deeds were offered in evidence by appellant, and equally impossible for us to tell, in the absence of a statement of facts, what the evidence was as to the claimed forgery of these deeds. Therefore it is not made to appear that appellant was prejudiced in any way by the action of the trial court in permitting the affidavit of forgery to be filed. For all this court knows, so far as the record reflects, the forgery of these three deeds

might have been shown by such overwhelming evidence that the trial court was bound to find that they were forgeries. Therefore no prejudice to appellant has been shown by the court's action in this matter, whether it was erroneous or not, and its contentions in this connection are overruled.

There appears in the record findings of fact and conclusions of law by the trial court, and such of the findings of fact as are material we copy, as follows:

"I find that F. W. Hill is due the Dayton State Bank on his note executed on the 8th day of August, 1918, the sum of $1,241.13, and attorney's fees on said amount in the sum of 10 per cent. amounting to $124.11.

"I further find that the Dayton State Bank absorbed the People's Guaranty State Bank, and is now plaintiff.

"I also find that the following deeds, to wit: Deed from M. W. Hill to F. W. Hill of date October 30, 1914, acknowledged before M. P. Daniel, notary public, also warranty deed from M. W. Hill to F. W. Hill of date July 28, 1918, acknowledged before M. P. Daniel, notary public, and also warranty deed from M. W. Hill to F. W. Hill of date March 13, 1917, acknowledged before M. P. Daniel, are forgeries, and that the said M. W. Hill did not execute the same.

"I further find from the evidence that attachments were issued in this case on the 17th day of January, 1920, and levied upon the following described property on the same day, to wit: 'Situated in Liberty county, Tex., on the east side of the Trinity river, first tract in the corporation of the city of Liberty, and being known as the outer lots Nos. 1 and 2 in block No. 3, outer lot No. 1 in block No. 4, north half of outer lot No. 1 in block No. 4, and north one-half of outer lots 1 and 2 in block No. 8, and all known as the outer lots and outer blocks in the city of Liberty. This tract is also known as the Reviere 54 or 60 acre tract and was sold by Reviere heirs to M. W. Hill by deed duly recorded in the deed records of Liberty county, Tex., to which reference is here made; also one acre of land situated in the north half of the 12-acre lot No. 4 in block No. 19 in the city of Liberty, said one acre of land was sold by Mrs. Edna Rayburn to H. G. Camp by a deed duly recorded in the deed records of Liberty county, Tex., and sold by H. G. Camp to F. W. Hill by a deed duly recorded in the deed records of Liberty county, Tex., to which reference is here made.

"I find that thereby the plaintiff, Dayton State Bank, obtained a lien on said property as to the interest of said F. W. Hill, and I further find that the interest of said F. W. Hill as shown by the testimony of J. S. Teague is an undivided one-sixth interest in and to said property.

"I further find from the testimony of J. S. Teague that the wife of said M. W. Hill died after F. W. Hill left Liberty county, on the 13th day of January, 1919, and left two sons and one adopted daughter. * * *

"I further find that the defendant F. W. Hill has been duly cited by citation by publication, and that J. F. Dabney, at a former term of this court, was appointed to represent the said F. W. Hill.

"The court further finds that the deeds dated respectively October 30, 1913, July 28, 1915, and March 13, 1917, from M. W. Hill to F. W. Hill are forgeries, and that all the property hereinafter set forth as attached in this case was the community property of M. W. Hill and his wife and that said wife was living on the 11th day of January, 1919, and that said wife died at some date subsequent to the 13th day of January, 1919, and the court further finds that at some time since the 13th day of January, 1919, and before the trial of this cause said F. W. Hill inherited from his mother, who was the wife of the said M. W. Hill, an undivided one-third of the interest of his said mother or that is to say in and to his mother's community interest in and to said property, and that all the property attached except the one acre of the north half of the 12-acre lot No. 4 in block No. 19 in the city of Liberty was the property of M. W. Hill at the time F. W. Hill attempted to convey the same to M. W. Hill, and that as to said one acre in the north half of 12-acre Lot No. 4 in block No. 19 in the city of Liberty, the same was the homestead of F. W. Hill at the time he conveyed the same to M. W. Hill, and therefore such conveyance is not subject to be attacked as a fraudulent conveyance."

The conclusions of law were as follows:

"I conclude that the Dayton State Bank is entitled to a judgment against the defendant, F. W. Hill, in the sum of $1,241.13 and interest thereon at the rate of 10 per cent. per annum until paid; also that the said Dayton State Bank is entitled to a judgment against the said F. W. Hill in the further sum of $124.-11 as attorney's fees, with interest thereon at the rate of 6 per cent. per annum until paid.

"I further conclude that an undivided one-sixth interest of the property hereinbefore described should be foreclosed as against M. W. Hill and F. W. Hill, and the same sold as under execution in payment of the judgment rendered herein against F. W. Hill.

"I further conclude that no personal judgment shall be rendered against the said F. W. Hill, and that the judgment herein against F. W. Hill must be realized only out of the property heretofore ordered to be sold.

"I further conclude that plaintiff recover all costs against F. W. Hill and M. W. Hill, and that execution issue therefore against M. W. Hill.

"I further conclude that J. F. Dabney, attorney appointed by the court to represent F. W. Hill, be paid a fee of $75 to be paid and collected as cost herein.

"I further conclude that the three deeds mentioned hereinbefore in the findings of fact are forgeries, and therefore passed no title to F. W. Hill."

[6-8] In the absence of a statement of facts in this suit, we presume that there was evidence to warrant the court in making each of the above findings of fact, and therefor approve the same, and we also approve the court's legal conclusions, with the exception of that which permits the attorney's fee of $75 which the court allowed in favor of Hon. J. F. Dabney, as the appointed attorney for the defendant F. W. Hill, to be

charged against the defendant M. W. Hill. This action of the court is assailed by one of M. W. Hill's cross-assignments of error. and such assignment must be sustained. We cannot understand why the defendant M. W. Hill, who was acquitted by the trial court of any conspiracy as alleged by the plaintiff bank, and who was not shown, from anything in the record before us, to be guilty of any wrong in any respect in this matter, should have charged against him the attorney's fee that was allowed the attorney who represented F. W. Hill.

Therefore all of appellant's assignments of error and propositions are overruled, and the cross-assignment of M. W. Hill, challenging the action of the trial court as to allowing the attorney's fee against him, as above shown, will be sustained, and all other cross-assignments of error of M. W. Hill are overruled; and it is now the judgment of this court that an attorney's fee of $75 be allowed the Hon. J. F. Dabney, who represented the defendant F. W. Hill in this case, and that the same be taxed as a part of the costs in this case, to be paid out of the one-sixth interest of the land levied on by attachment, which the trial court found was owned by F. W. Hill at the time the attachment in this case was levied.

Judgment reformed and affirmed.