**TEXAS UTILITIES CO. v. CLARK.***
(No. 2429.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 11, 1925. Rehearing Denied March 4, 1925.)

1. **Pleading** ⬤≈236(3) — **Allowance of trial amendment to petition held not abuse of discretion.**

In action for injuries to employé, action of court in permitting employé to file trial amendment so as to more specifically allege defects in place of work and appliances *held* not abuse of discretion.

2. **Continuance** ⬤≈30—**Denial of continuance on allowance of trial amendment to petition held not abuse of discretion.**

In an action for injuries to employé, refusal of continuance on allowance of trial amendment to petition describing alleged defects in place of work, and appliances more specifically, without affidavit showing that defendant was not prepared to proceed, *held* not abuse of discretion.

3. **Pleading** ⬤≈236(3)—**Granting of leave to file trial amendment discretionary with court.**

Granting of leave to file trial amendment is discretionary with court.

4. **Continuance** ⬤≈30—**Refusal of continuance on account of trial amendment discretionary with court.**

Refusal of continuance on account of trial amendment is discretionary with court.

5. **Appeal and error** ⬤≈959(3), 966(2)—**Granting of leave to file trial amendment or refusal of continuance on account thereof not reviewed in absence of abuse of discretion.**

Action of court in granting leave to file trial amendment, or in refusing continuance on account thereof, will be reviewed on appeal only if abuse of discretion is shown.

6. **Master and servant** ⬤≈258(11) — **Petition held to plead negligence in place and appliances for loading of ice into railroad car.**

In action for injuries sustained in slipping on floor of ice storeroom in which plaintiff was employed, in assisting to load ice from such room into railroad car, petition *held* to sufficiently plead negligence of employer in furnishing unsafe place to work and unsafe appliances and instrumentalities with which work was done.

7. **Master and servant** ⬤≈356—**Common-law defenses not available to employer not subscriber under Compensation Act.**

Common-law defenses of contributory negligence and assumed risk are not available to employer who is not a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1).

8. **Damages** ⬤≈185(1)—**Failure to show life expectancy of employé does not preclude recovery for permanent injuries.**

Failure to show life expectancy of employé does not preclude recovery for permanent injuries.

9. **Appeal and error** ⬤≈501(3) — **Assignment not considered for failure to show reservation of exception to admission of testimony complained of.**

Bills of exception complaining of admission of testimony, without showing that exception was reserved to ruling of court in admitting testimony, will not be considered.

10. **Trial** ⬤≈351(5)—**Refusal of special issue covered by special issues submitted held not error.**

Refusal of special issue, sufficiently covered by other special issues submitted, *held* not error.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by O. L. Clark against the Texas Utilities Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Kinder & Russell and P. B. Randolph, all of Plainview, for appellant.

W. W. Kirk, of Plainview, for appellee.

JACKSON, J. This suit was instituted in the district court of Hale county by O. L. Clark, appellee, against the Texas Utilities Company, appellant, a corporation under and by virtue of the laws of the state of Texas, and appellee alleged that the appellant was engaged in the business of generating electricity and distributing same in the city of Plainview, and in the business of manufacturing and selling ice at retail in said city, and in shipping ice to other places by rail, and in connection with its manufacture and sale of ice, it had a large storage room from which ice was loaded on railroad cars for shipment, and that appellant employed in its service more than five persons. That in the wall near the floor of said room was an opening from which there was a trough extending outward, through which blocks of ice were carried by a chain belt and loaded into railroad cars. That for some time prior to May 22, 1922, appellee was in the employ of appellant in connection with its electric distribution system, under one Virgil Stewart, who had the supervision of such work, under the general supervision of J. B. Scott, who was the manager or superintendent of appellant. That afterwards appellee was employed to work upon a wagon and make deliveries of ice in Plainview, and while so engaged he was ordered by the agent of appellant to go into the ice storeroom and assist in loading ice from said room into a railroad car. That he had never been in the storeroom, or any similar place prior thereto, and had never done any such work, and was entirely unfamiliar with the appliances and instrumentalities with which he had to work. That said place was a dangerous place to work. That the appliances and instrumentalities furnished him

were dangerous, and that he was not warned or informed of the conditions or danger. That in order to load from the storeroom it was necessary to take blocks of ice weighing about 300 pounds each, carry and push them across the floor to the opening in the wall, push them into such opening and onto the chain belt running in the trough, which chain belt carried the ice, when it came in contact therewith, from the room upward into the car. That the floor of the room where appellee was ordered to work was wet with water standing thereon, which rendered the floor slippery and the footing of a person insecure, for which reason it was an unsafe place to work. That there were obstructions in or just outside of the wall where the blocks of ice were pushed through, which interfered with the placing of the ice upon the chain belt carrier, and at times the ice was obstructed at one end or the other, or one side or the other, making it necessary to use force in lifting and pushing the blocks of ice in order for them to be engaged by the chain belt and carried from the room. That the trough in which said chain belt ran was made of wood, was water soaked, warped, and in bad condition, especially at the lower end and at the opening in the wall, and that blocks of ice would come in contact with the warped and water soaked ends of the trough and be obstructed so that they would not readily go into the trough or upon the chain belt, which rendered it necessary to use force in pushing the blocks of ice into the opening and upon the chain belt carrier, because of which condition the apparatus was unsafe, and appellant was negligent in not furnishing a safe place to work, and in not furnishing proper and safe appliances and instrumentalities with which to work, and in permitting the floor to be wet and slippery, and in permitting the loading apparatus to be defective, and in not warning him of the conditions. That shortly after he began work, in attempting to load a block of ice, it became obstructed and he undertook to move it about and push it into the opening and into the trough and upon the chain belt carrier, and the defective condition of the trough and carrier made it necessary that he do so. That the floor was wet, rendering his footing insecure, and he slipped and fell and was greatly injured. That because of the negligence of appellant in not furnishing a safe place to work, and in not furnishing proper and safe appliances and instrumentalities, and because of the defective condition of the chain belt carrier and trough, and because the floor was wet and slippery, and because no warning was given him, he slipped and fell, striking and injuring his right knee. After setting out his injuries in detail, appellee pleads that by reason thereof he became sick and lame and unable to work for six weeks. That his in-

juries were permanent and incurable, and he was forever unfit to pursue the work of a carpenter, which was his vocation before the injury, and at which he was capable of earning $5 per day, and that by reason of his injuries he had lost on an average of $90 per month for the six weeks he was unable to work, and that he is now earning about 20 cents per hour. Suffered great mental and physical pain. His injuries will cause him to suffer during the remainder of his life. That he has been rendered a cripple, and his ability to earn money has been permanently impaired, and prays for $10,000 damages.

The appellant answered by general demurrer, special exceptions, general denial, and specifically denied that it was guilty of any negligence in the conduct or operation of its ice plant or in placing appellee at the work which he was doing at the time of the alleged injury. That appellee was engaged by appellant to do any work around the plant to which he was assigned. That he knew of the dangers incident to the character of the work. That the appliances and instrumentalities with which he was working were not defective, and were the usual and ordinary appliances used in the character of work he was doing. That, if said appliances were defective, the appellee assumed the risk incident thereto. That there were no unusual risks pertaining to the work, and he voluntarily assumed the risk when he entered into and remained in the employ of appellant. That appellee was guilty of contributory negligence. That the appliances so used were the usual and ordinary appliances in use for such purpose. That he knew the character and condition of the appliances and the nature of the work, or by the use of ordinary care and diligence he would have known such facts. That safe tools were furnished, and if he was injured it was due to his own negligence, or purely accidental and without fault or neglect of appellant. That, if injured, it was only temporary, and that by the use of ordinary care and diligence such injury would have healed and would have been well in a short time.

Appellee filed a trial amendment, by leave of the court during the trial of the case, in which he alleged that the trough in which the chain carrier ran extended through the wall of the storeroom and some distance into said room. That the part of the trough that extended into the room was inclosed, which inclosure extended further into the room than the ends of the trough. That the boards of which the trough was constructed were water soaked and warped, not flush with the inside of the inclosure. That the blocks of ice would at times lodge against and come in contact with the ends of the boards forming the trough. That there were obstructions within the inclosure and about

the lower end of the trough. That blocks of ice placed in the carrier would at times be obstructed at one end, side, or corner so it became necessary to move such blocks about, use force in lifting, pushing, and placing them in the carrier so as to be engaged by the chain.

The case was submitted to a jury on special issues. In response to those submitted in the court's main charge, the jury found that appellant was guilty of negligence in maintaining and operating the trough or chute for loading ice by reason of the manner of its construction, and by reason of its condition on the date of the injury, and by reason of the condition of the floor in the room; that appellee was injured while loading ice through the chute; that the negligence of appellant was the proximate cause of appellee's injury; that such injury was not the result of a mere accident which could have been foreseen or anticipated by appellee by the use of ordinary care; and that appellee was damaged in the sum of $3,000.

In response to a special issue requested by appellant, the jury found that appellee's damages would not have been reduced by the use of ordinary care in the treatment of the injury.

Appellant, in the fourteenth and fifteenth assignments, presents as error the action of the trial court, in permitting appellee after the trial began, to file his trial amendment in order to make admissible the testimony already offered by him, and to which no objection had been made, and in refusing to permit appellant to withdraw its announcement of ready for trial and continue the case, because the allegations in said amendment constituted a surprise to appellant, and gave it no opportunity to meet the issues thus raised.

[1-5] The allegations in the trial amendment contain an amplification of the facts and a more specific description of the alleged defects in the trough or chute and the action of the chain belt, but do not set up a new cause of action. Appellant filed no affidavit, showing it was not prepared to proceed with the trial. Texas & N. O. Ry. Co. v. Goldberg, 68 Tex. 685, 5 S. W. 824. And the granting of leave to file a trial amendment and the granting or refusing a continuance on account thereof are matters within the discretion of the trial court and will be reviewed by an appellate court only, if it is made to appear by the complaining party that such discretion has been abused. The record fails to disclose any injury to appellant by the filing of the trial amendment, and these assignments are overruled. El Paso Electric Ry. Co. v. Buttrey (Tex. Civ. App.) 260 S. W. 897; People's Guaranty State Bank v. Hill et al. (Tex. Civ. App.) 256 S. W. 683; St. Louis B. & M. Ry. Co. et al. v. Lane (Tex. Civ. App.) 248 S. W. 59;

Osage Oil & Refining Co. v. Lee (Tex. Civ. App.) 230 S. W. 518; Millers' Indemnity Underwriters v. Green et al. (Tex. Civ. App.) 237 S. W. 979; Holden v. Evans (Tex. Civ. App.) 231 S. W. 146; Boyd v. Hurd (Tex. Civ. App.) 207 S. W. 339.

[6] Appellant by its first, second, and third assignments urges as error the action of the trial court in overruling its general demurrers and special exceptions to appellee's amended petition on which the trial of the case was begun, and its general demurrer after the trial amendment was filed, for the reason that it is not alleged in what respect the place where and the appliances and instrumentalities with which the work was done were dangerous, and no negligent act of appellant was alleged by which appellee was injured.

The statement hereinbefore made of appellee's pleading in our opinion shows that the objections urged by the demurrers of appellant to the pleading of appellee are not tenable, and the action of the court thereon is not reversible error.

[7] Appellant, by several assignments, challenges the action of the court in refusing to submit to the jury the issues of assumed risk and contributory negligence. Appellant coming under none of the exceptions, it was subject to the provisions of the Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. C. S. 1918, art. 5246—1). This statute affirmatively provides that, in an action to recover damages for personal injuries sustained by an employé in the course of his employment, "it shall not be a defense, * * * that the employé was guilty of contributory negligence," or "that the employé had assumed the risk * * * incident to his employment."

To an employer, not a subscriber, under the Workmen's Compensation Act, the common-law defenses of contributory negligence and assumed risk are abolished. West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Bering Mfg. Co. v. Sedita et al. (Tex. Civ. App.) 216 S. W. 639; Texas & Pacific Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 758; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; Pullman Co. v. Ransaw (Tex. Com. App.) 254 S. W. 763.

Chief Justice Phillips, in the case of Middleton v. Texas Power & Light Co., supra, in construing this act says:

"As to employers, it is clear that no fundamental right is invaded. The act leaves them free to adopt its plan of compensation, or remain ungoverned by it. The consequence attached to their not consenting to it is the denial of the right, existing in common-law actions, to interpose the common-law defenses of fellow servant, assumed risk, and contributory negligence in suits for * * * damages for personal injuries suffered by their employés in the course of their employment."

In the case of Pullman Co. v. Ransaw, supra, by the Commission of Appeals, Presiding Judge Gallagher says:

"The number of employés in the service of plaintiff in error at the time of said injury was a matter peculiarly within its own knowledge. Since said petition did not disclose whether plaintiff in error had more than five employés in its service at the time or not, that ground of defense might or might not exist. If such condition did exist, it was a matter. of defense to be urged by plaintiff in error and supported by appropriate pleading and proof. It was not necessary in this case for defendant in error to anticipate such defense and negative its application."

In the instant case appellee pleaded, and the uncontroverted evidence discloses, that appellant had five or more persons in its employ to conduct its business in Plainview, and, if appellant was a subscriber under the Workmen's Compensation Act, it is not revealed by this record. These assignments are overruled.

[8] Appellant assigns as error the refusal of the trial court to give its peremptory instruction, and also challenges the sufficiency of the evidence to authorize the submission by the court to the jury of the diminished earning capacity of the appellee. These assignments all raise controverted issues of fact which the jury determined against appellant and are overruled. The failure to show the life expectancy of appellee does not preclude a recovery. I. & G. N. Ry. Co. v. Elkins (Tex. Civ. App.) 54 S. W. 932.

[9] The consideration of appellant's assignments of error, challenging the correctness of the ruling of the trial court in the admission of certain testimony, is objected to by appellee for the reason that the bills of exceptions upon which such assignments are based fail to show that the appellant reserved an exception to the ruling of the court. In the transcript there are a number of purported bills of exceptions which show that the evidence set out in said purported bills was objected to, but none of them show that any exception was reserved to the ruling of the court in admitting the testimony. It is necessary that the record show that exceptions were reserved to the ruling of the court before an assignment of error can be based thereon. Collins et al. v. Panhandle National Bank, 75 Tex. 254, 11 S. W. 1053; Hausmann et al. v. Trinity & B. V. R. Co. et al. (Tex. Civ. App.) 82 S. W. 1052; Foley et al. v. Houston Belt & Terminal Ry. Co., 50 Tex. Civ. App. 218, 108 S. W. 169, 110 S. W. 96; Olcott v. Squires et al. (Tex. Civ. App.) 144 S. W. 314; St. L. S. W. Ry. Co. of Texas v. Moore (Tex. Civ. App.) 173 S. W. 904. These assignments will not be considered.

[10] By its seventh assignment of error, appellee urges as error the refusal of the court to submit as an issue whether or not, if the appellee had used ordinary care in the treatment of his injuries, he would have recovered promptly, and the amount of his damages been reduced. This was sufficiently submitted to the jury in special issue No. 10 requested by appellant and given by the court.

Appellant's eighth assignment is overruled; the charge of the court not being subject to the objection that it was upon the weight of the evidence.

We find no reversible error, and the judgment is affirmed.