**BEAVERS et al. v. SIMS et al.**

No. 971.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1930.

Frazier & Averitte, of Hillsboro, for appellants.

J. D. Stephenson, of Hillsboro, and Lyle Saxon, of Dallas, for appellees.

GALLAGHER, C. J.

F. D. Sims, hereinafter called appellee, instituted this suit in the district court against G. D. Beavers and W. B. Beavers, hereinafter called appellants, on four promissory notes for the sum of $750 each, with interest and attorney's fees thereon, and for foreclosure of a vendor's lien on 199 acres of land. C. R. Jamison and Royal Hockett were also made parties defendant in said suit, but were afterwards dismissed therefrom. Appellee alleged that said land was conveyed by V. H. Sims to appellants, who, as part of the purchase price therefor, executed and delivered to him the notes sued on, and that the vendor's lien was expressly retained in such conveyance to secure the payment thereof. Appellee further alleged that V. H. Sims, in due course and for valuable consideration, transferred and assigned said notes to him.

Appellants alleged that at the time they purchased said land it was incumbered with a lien to secure an indebtedness in the sum of $1,800, and that they had assumed the same; that thereafter appellant G. D. Beavers conveyed said land to appellant W. B. Beavers; that W. B. Beavers thereafter sold and conveyed said land to A. O. Bolton; that said Bolton expressly assumed said indebtedness of $1,800, and also ten vendor's lien notes given by them to said V. H. Sims as part of the purchase price of said tract of land; that said V. H. Sims was then the owner and holder of all said ten notes, and as such accepted and recognized said Bolton as owner of said land and obligated to pay the vendor's lien notes then held by him as aforesaid.

Appellants further alleged, in substance, that thereafter said Bolton, through Gum Bros. Company, a corporation, applied to the Ætna Life Insurance Company for a loan for the purpose of taking up and extending said original first lien indebtedness in the sum of $1,800, with accrued interest thereon, and taking up and extending the first five notes and a part of the sixth note of said series of ten notes held by said Sims with accrued interest on all ten of said notes; that said life insur-

ance company made said loan in the sum of $6,500, and that Bolton executed a deed of trust on said land to secure the same; that said Bolton also in that connection executed and delivered to said Gum Bros. Company, through whom said loan was made, a series of notes aggregating $977.44, and secured the same by deed of trust, subordinate, however, to the deed of trust securing said $6,500 due said life insurance company. Appellants further alleged that said V. H. Sims assigned and transferred to said life insurance company said six notes aforesaid, and waived the superiority of the lien held by him to secure the remaining four notes, being the notes here sued on, and made the same in all things, subordinate to the lien securing said $6,500 note held by said life insurance company and said series of notes held by said Gum Bros. Company. They further alleged that the money advanced by said life insurance company was applied, first, in satisfaction and discharge of the original $1,800 indebtedness, and that the same was duly released; that the remainder of such money so advanced was paid to said Sims, and that the same discharged all of said first six notes, principal and interest, except a small amount for which said Bolton gave to him a new note secured by a deed of trust on said land. They also alleged that the loan so made to said Bolton bore a higher rate of interest than the original notes taken up and extended thereby. They further alleged that said Sims thereby accepted and recognized said Bolton as the principal obligor, and that their relation thereupon became that of sureties only; that said transactions aforesaid constituted a material change of the contract under which they purchased said land and promised to pay the notes so given by them therefor; that such change was without their consent; that said land had so depreciated in value that it was not worth the indebtedness against it; and that they were by reason of such change in the contract released from liability on the notes sued on. Appellants in separate paragraphs of their answer alleged that said V. H. Sims, before transferring said notes to said life insurance company, asked appellant W. B. Beavers to consent thereto, and agreed with him in event of such consent that he would release both of appellants from any further liability on the notes sued on, and that he would have said Bolton execute new notes for the remainder of the purchase money unpaid and have him secure the same by a deed of trust on said land; that said W. B. Beavers did, upon such condition and no other, accept said proposition and agree to such change.

Appellants also as a part of their answer filed a cross-action against said life insurance company and Gum Bros. Company, seeking, in event they should be held bound for the payment of the notes sued on, that the lien securing the same he held superior to the liens of said life insurance company and Gum Bros.

Company, except as to the $1,800 paid on the original indebtedness on said land.

The case was tried to the court and judgment rendered in favor of appellee against both appellants for the sum of $3,517.52, being the full amount due on said notes at that time, and for foreclosure of lien to secure the same on said tract of land as to all parties, subject, however, to the debts and liens held by said life insurance company and said Gum Bros. Company. Said judgment directed that an order of sale issue for the sale of said land, and that the proceeds of such sale be applied to the satisfaction of said judgment, interest, and costs, and the surplus, if any, paid over to appellants. The court, at the request of appellants, filed findings of fact and conclusions of law. The substance of such findings, so far as applicable to the issues of law hereinafter discussed, will be recited in connection therewith.

### Opinion.

Appellants, by their first and second propositions, assail the judgment of the trial court on the ground that same is not authorized by the findings of fact nor the evidence before the court. The court found, in substance, that the land involved in this suit was sold by V. H. Sims to G. D. and W. B. Beavers in consideration of a certain cash payment, the assumption of $1,800 due the Union Central Life Insurance Company secured by a first lien on the land, and the further sum of $9,000 represented by twelve vendor's lien notes in the sum of $750 each, executed by the said Beavers to said Sims; that said G. D. Beavers conveyed said land to said W. B. Beavers in consideration of a certain cash payment and the assumption of the aforesaid indebtedness; that W. B. Beavers conveyed said land to A. O. Bolton in consideration of a certain cash payment and the assumption of all of said indebtedness, except the sum of $1,500 evidenced by the first two of said series of twelve notes, which said two notes had been at that time, or prior thereto, paid to said Sims; that said Bolton, shortly after he acquired title to said land, executed and delivered to the Ætna Life Insurance Company his note for $6,500, and secured the same by deed of trust on said land; that he, at the same time, executed and delivered to Gum Bros. Company a series of eleven notes aggregating the sum of $977.44, and secured the same by deed of trust on said land; that said V. H. Sims, who was then and there the owner and holder of said ten unpaid vendor's lien notes, assigned and transferred to said life insurance company the first five, and a part of the sixth, of said vendor's lien notes, and agreed that the lien securing the last four of said notes, being the notes here sued on, should be subordinate to the lien securing said note to the life insurance company and also the lien securing said notes to Gum Bros. Company, and subject to renewal or extension of such indebtedness, or

any part thereof; that the sum of $1,920 of the proceeds of said note to said life insurance company was applied to discharging the prior lien of the Union Central Life Insurance Company and the remainder of $4,580 paid to and accepted by said V. H. Sims; that said Bolton, by assuming the indebtedness due on said land at the time of purchase, became primarily liable for the payment thereof, and that said Sims accepted and recognized said Bolton as such primary obligor, and that appellants became and were thereafter only secondarily liable for the payment of the notes sued on herein; that by the transaction aforesaid the original contract between said V. H. Sims and appellants was materially altered; that said V. H. Sims, long after the transactions aforesaid, made a verbal sale of the notes sued on, and delivered the same to appellee F. D. Sims, and thereafter, after the first of said four notes had become due, executed a written transfer and assignment thereof to him, but that said notes were never indorsed by said V. H. Sims. The court found against appellants' contention of contractual release. On their allegation that said changes aforesaid were made without their consent, the court found as follows:

"I find that said G. B. Beavers and W. B. Beavers had knowledge of the new loan being made and that a portion of the series of $750.00 notes executed by them and held by V. H. Sims were to be placed in the loan and made a first lien on the land, and agreed with said A. O. Bolton that said notes and the interest thereon might be taken up by and included in the notes to the Ætna Life Insurance Company for $6,500.00."

Appellants contend that said finding of consent to a change of the original contract and situation fails to cover material features of such change. They also, by their third proposition, contend that said finding is without sufficient support in the evidence. The only evidence in the statement of facts bearing on such issue is the testimony of said Bolton as follows:

"The defendants G. D. Beavers and W. B. Beavers agreed to putting the notes in a loan. * * *

"I have no recollection of anything being said about releasing Beavers on the note, but it seems to me that Boyd (Beavers) brought that question up maybe a time or two himself while the trade was on, about wanting to get loose from this series of notes, but I am not positive about that."

Appellants contend that said finding does not include appellants' knowledge of or consent to the following facts in connection with such change, most of which are included, in substance, in the other findings of the court:

"(1) That any portion of the ten notes then held by V. H. Sims either to be *included* with and put into a loan covering other items of indebtedness, as was done; (2) that *any* por-

tion of the unpaid series of ten notes should be *extended* to January 1, *1933* into a loan to be secured by a *first* lien on the land and that the lien securing payment of the *balance* of said notes should be made second and subordinated thereto, as was done; (3) that another debt not including any of said notes or interest thereon should be created in a sum of $977.44 in favor of Gum Brothers Company and secured by a lien on said land *second* to the last mentioned *first* lien be itself superior to that securing payment of that portion of the notes herein sued upon, as was done; (4) that the interest ($487.50) due January 1, *1923* on the *whole* series of ten notes should be *extended* into a loan to become due January 1, *1933* and as thus extended made secure in payment by a *first* lien on the land, as was done; (5) that the balance of $1920.00 then owing on the Central Life Insurance Company loan to become due by its terms January 1, *1925* should be extended into a new loan and as thus extended made to become due January 1, *1933*, as was done; (6) that one of the series of said ten notes (No. 8) was to be *split* and $342.50 thereof extended into the loan to become due January 1, 1923 and $410.00 thereof put into the form of a new note in favor of V. H. Sims secured by a deed of trust on said land, as was done; or (7) that the rate of interest provided for in said notes at the rate of 6½ per cent. per annum should be *increased* to 7 or 7½ per cent. per annum, as was done with reference to that portion of said notes ($4092.50) put into the loan, as was done." (Italics appellants'.)

Appellants also contend in this connection that there is no testimony in the record that appellants ever consented to any of such changes. We do not deem it necessary to consider all such contentions in detail. Neither do we deem it necessary to determine whether said finding on this issue actually made by the court is broader than the testimony upon which the same is based. Said finding does not include any knowledge on the part of appellants of the series of notes executed by said Bolton to Gum Bros. Company and secured by a lien on said land, nor of the action of Sims in subordinating the vendor's lien securing the notes sued on thereto. Neither does it show any consent thereto by them. The maturity of said series of notes extended over a period of ten years, and they amounted to nearly $1,000 in the aggregate. The consideration therefor is nowhere stated. The testimony shows that Gum Bros. Company was not the agent of the Ætna Life Insurance Company, but indicates that it was acting as a loan broker. Through one of its representatives it negotiated and attended to the details of the $6,500 loan made by said life insurance company. If any inference as to the consideration for said notes is permissible, we think the only inference that could be properly drawn from the facts is that such consideration was the services so rendered by Gum

Bros. Company in negotiating said loan in behalf of Bolton, and that they constituted a commission for such services. There is nothing in said finding nor in the testimony before the court tending to show that appellants knew that liability for such commission would be incurred by Bolton nor that V. H. Sims would subordinate the notes sued on to the lien given by Bolton to secure the same. We think that the change of the contract and situation arising out of said transaction was as a matter of law material and affected the rights of appellants injuriously. Appellants' contention, urged in their first and second propositions, that the judgment rendered is not supported by the findings of the court nor by the testimony in the record, is sustained.

■■ Appellee insists that the judgment rendered by the trial court should be sustained on the ground that appellants admitted in their pleadings that they had agreed to all the changes arising out of the transaction hereinbefore recited. Appellants in their answer, after setting out all of said transactions in detail, alleged affirmatively, in substance, that they consented and agreed thereto upon the promise of Sims that they should be released from liability on the notes sued on, and that Sims would require Bolton to execute new notes in renewal and extension thereof. Appellants pleaded two affirmative defenses. They first pleaded the changes in contract arising out of the transactions complained of, and alleged that said changes were without their consent, and that they were thereby discharged from liability on the notes sued on. They then, in separate paragraphs of said answer, pleaded their release from such liability under their alleged agreement with said Sims as hereinbefore set out. Appellants had the right, under article 2006 of the Revised Statutes, to plead as many several matters as they though necessary for their defense. It is well established that the right to plead inconsistent defenses is granted by said statute. We quote on this point from Houston E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 134, 70 S. W. 531, 537, 97 Am. St. Rep. 877, as follows:

"A defendant has the right to plead inconsistent defenses, and where in one part of an answer he denies or otherwise puts in issue a fact, and in another part alleges its existence, the answer cannot be taken to be an admission of such fact. Duncan v. Magette, 25 Tex. 246. Many other rulings of this court affirming this proposition might be cited. But this is true, not because admissions in pleading are not admissible against the party making them, but because a plea in one part denying a fact, and in another part affirming it, cannot, under our statute, be treated as an admission of the fact."

Appellants were not estopped by their pleadings from urging as a ground of defense any change in the original contract made without their consent.

The other matters complained of by appellants can be easily obviated upon another trial. The judgment of the trial court is reversed, and the cause is remanded.