## GREAT WESTERN GARMENT CO. v. MALOUF.

### No. 4721.

Court of Civil Appeals of Texas. Amarillo.

Feb. 22, 1937.

Rehearing Denied April 26, 1937.

Price & Moss, of Post, for appellant.

Harris & Sentell, of Snyder, for appellee.

HALL, Chief Justice.

This is a suit by appellant against appellee upon a verified account for goods sold in May and June, 1935; the amount in controversy being $118.80. By a special act of the Legislature, the county court had jurisdiction of the amount. The appellee answered by general demurrer, special exceptions, denied the account under oath; that is, that all payments and credits had not been allowed. He pleaded accord and satisfaction, payment in full, and failure of consideration. He especially alleges that he purchased a bill of merchandise in 1934 for which he paid in full; that the goods were guaranteed, but quite a lot of them proved faulty and unsatisfactory; that on May 2, 1935, and June 11 thereafter, appellant's salesman, Murphy, called upon appellee to sell more goods. Appellee called attention to the unsatisfactory goods bought in 1934 then on hand, and appellant's salesman then sold appellee an order of goods under an agreement that the unsatisfactory corduroy goods received by defendant in 1934 could be returned and credit would be given therefor at the invoice price thereof on the order then being given; that the goods were received by appellee, and there is no controversy about the quality of the goods or the prices charged for the 1935 order. On June 25, 1935, appellee returned to appellant the unsatisfactory goods out of the 1934 ship-

ment, including freight charges, amounting to $118.80. The shipment reached Wichita Falls, where appellant's place of business was located, July 1, 1935, and appellant was notified the same date. Appellant refused to receive the goods and the shipment remained in possession of the railroad company. After the shipment, appellee claimed credit on his account for the amount thereof, to wit, $118.80, alleging a balance of $15.38 which appellee thereafter claimed was the full amount he owed appellant. Appellant denied the credit of $118.80 and claimed that appellee owed the full amount of the order, to wit, $134.18.

Thereafter, on July 11, appellee sent appellant his check for $15.38, bearing this notation, "This check to balance our account to date," which check was received and credit given for the amount of the check on the account, July 13, 1935.

The case was tried to a jury, and in response to special issues the jury found that: (1) There was a bona fide controversy existing between the parties as to the amount which defendant owed plaintiff for the 1935 account; (2) that at the time the account, dated May 2, 1935, involved in this suit, was made, W. H. Murphy agreed with the defendant that the unsatisfactory corduroy goods received by defendant in 1934 could be returned and credit given therefor; (3) that the defendant, M. J. Malouf, was induced by said agreement on the part of W. H. Murphy to give the orders made the basis of this suit; (4) that at the time defendant shipped the goods back which he had originally purchased from plaintiff in 1934 he had been authorized by plaintiff to return said goods for credit.

Based upon this verdict, judgment was entered in favor of appellee.

■ By its first proposition, the appellant insists that the court erred in overruling its general demurrer to appellee's second original answer because the same was inextricably confusing and repugnant. Reference to the appellee's answer shows that his several defenses were pleaded separately and in the alternative. The rule is too well settled in Texas to require a discussion, that the defendant may in the alternative plead as many defensive matters as he deems advisable, although they may be inconsistent and contradictory. Crane v. Colonial Holding Corporation (Tex.Civ.App.) 57 S.W.(2d) 316; Beavers v. Sims (Tex.Civ.App.) 33 S.W.(2d) 564;

Townsend, Townsend & Co. v. South Plains Monument Company (Tex.Civ.App.) 257 S.W. 648; People's Guaranty State Bank v. Hill (Tex.Civ.App.) 256 S.W. 683; Welden v. Texas Continental Meat Co., 65 Tex. 487; St. Louis, A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S.W. 853.

■ By its second proposition, the defendant insists that the court erred in overruling its special exception to plaintiff's petition in so far as it alleged that the goods proved to be unsatisfactory. This contention is without merit. Appellee alleges that appellant agreed that the goods should be satisfactory and it was further alleged and shown that Murphy, the appellant's salesman and agent, agreed that they were not satisfactory, and on that account consented that they be returned to the house. Under such circumstances, it was not necessary for the plaintiff to allege definitely why the goods were unsatisfactory after Murphy had agreed they were.

■ It is insisted by the third proposition that appellee alleged only in general terms a set-off, counterclaim, and payment and not distinctly and specifically alleging the nature of such payment counterclaim or set-off and the several items, dates, and prices thereof. This proposition is not sustained by the record. The defendant, by his answer, denied all and singular the allegations in plaintiff's petition: "Except as hereinafter specifically admitted and in connection herewith, defendant specially denies that all payments, offsets, and credits to which said account is entitled have been allowed and of this he puts himself upon the country and prays judgment of the court."

Further on in the pleading he alleges that on or about June 25, 1935, in accordance with his agreement made with Murphy he returned to plaintiff, by prepaid freight, 20 pairs of boys' pants, 37 pairs of men's pants, and 5 jackets, all of the total of $118.80. We think this is sufficient allegation to admit the proof.

[4, 5] By the fourth proposition it is insisted that there was no controversy between the plaintiff and defendant as to the amount owed plaintiff by defendant for merchandise purchased in 1935; and that the court erred in submitting to the jury special issue No. 1 requesting a finding as to whether or not such controversy existed. The record shows that there was

a controversy and the court did not err in submitting the issue to the jury. The fifth, sixth, seventh, and eighth propositions are without merit and are overruled. The invoices of the goods which appellee returned to the appellant was relevant testimony and the court did not·err in admitting it.

By the tenth proposition appellant asserts that defendant admitted there was no controversy between plaintiff and defendant as to the amount defendant owed plaintiff for goods purchased in the year 1935, and the finding of the jury in special issue No. 1 that there was such controversy is contrary to the evidence and the court erred in rendering judgment thereon.

The appellee testified that there was no dispute that the goods he shipped to the appellant were the goods purchased in 1934, and further stated that the check for $15.38, when taken in connection with the value of the goods he returned, settled his entire indebtedness to the appellant; that there was no contention between them as to the total sum of the goods received by him and the price he was to pay, and no contention about the goods received nor the prices charged applied to both 1934 and 1935 purchases; that his contention was that the goods he returned, plus the check, settled the account entirely; that the check was in full payment of the balance he owed appellant.

We fail to find anywhere in appellee's testimony a statement by him that there was no controversy between the parties as to the amount due at the time he sent the check, so that proposition is not supported by the record. While it is shown that appellant wrote appellee in November, 1934, saying in part, "We would not be in position to accept the return of all of the garments that you have in stock at this time because of these numbers having been closed out from our line, and as the season is so far advanced, it is not our purpose to place them in line again this fall. We are very sorry that you did not take this matter up with us on receipt of the shipment. We are sure that you realize it will not be possible for us to accept return of the goods at this late date," this letter written in November can in no way affect the rights of the appellee. The allegations and proof show that prior to this time he had bought an additional bill of goods from Murphy, with the understanding and upon consideration that the company would receive the goods which appellee and Murphy had agreed were unsatisfactory. The letter is purely self-serving, and can in no sense alter the terms of the contract previously made.

■ The appellant cannot accept the favorable part of the contract made between appellee and Murphy without also accepting its burden. In other words, it cannot insist upon payment for the goods shipped under the agreement made between the parties and refuse to accept in payment thereof the check and the goods which were returned.

The thirteenth proposition is not sustained by the record and is overruled.

■ We think the record establishes the complete defense of accord and satisfaction. The check for the balance of $15.38 contained this notation on its face: "The check to balance our ·account to date." It is not denied that this check was received by the appellant and cashed, so it was not necessary for the court to submit those facts to the jury. The only fact which was not established by uncontroverted evidence and which it was necessary to submit under the defense of accord and satisfaction was whether or not there was a bona fide controversy between the parties as to the amount due when the check was received. The record establishes that fact not only by the testimony of appellee, but the letters of appellant introduced in evidence show it beyond question. The rule is that where there is a bona fide controversy between the parties as to the amount due, and a check is accepted which is tendered upon the condition that it is in full of all demands to date, or is in full settlement of the account between the parties, there is an accord and satisfaction. Hunt v. Ogden, 58 Tex.Civ.App. 443, 125 S.W. 386; Buford v. Inge Construction Co. (Tex.Civ.App.) 279 S.W. 513.

Although appellant protested after it had received and cashed the check, and insisted that it had not been accepted in full settlement, does not change the rule. Even if the check had been for a less sum than was claimed to be due, where it is marked as in full payment, there is an accord and satisfaction. First State Bank of Panhandle v. Knapp (Tex.Civ.App.) 3 S.W.(2d) 468; Kean v. Southwest National Bank of Dallas (Tex.Civ.App.) 50 S.W.(2d) 839.

We find no reversible error in the record, and the judgment is affirmed.