## WEST LUMBER CO. v. KEEN.
### (No. 276–3511.)

(Commission of Appeals of Texas, Section B. Feb. 1, 1922.)

**1. Trial ⬤⟿352(1)—Special charge held unintelligible; "unless."**

A special charge, after making a correct statement as to freedom from negligence, directing the jury, "unless" they found from a preponderance of the evidence that defendant failed to use "such degree of care when he ordered plaintiff to cut the tree into logs, as charged, * * * you will answer this question 'No,'" was unintelligible and should not have been given; the ordinary meaning of "unless" being "if it be not that," "if it be not the case that," "if not," "supposing not," "if it be not."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unless.]

**2. Negligence ⬤⟿142—Findings held contradictory.**

Where an answer "No" to a special charge constituted a finding that defendant was not guilty of negligence, it nullified an answer to another question that he was guilty of negligence, and a judgment could not be based thereon against defendant for negligence.

**3. Appeal and error ⬤⟿837(7)—Reviewing court cannot speculate as to reason for contradictory answers in special charges.**

Where the jury's findings in special charges are contradictory, it is not within the province of a reviewing court to speculate as to how such contradictory findings occurred, or to select from such findings one on which to base judgment; findings being of equal dignity and each entitled to the same consideration.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. H. Keen against the West Lumber Company. From a judgment of the Court of Civil Appeals (221 S. W. 625) affirming a judgment for plaintiff, defendant brings error. Judgments reversed, and cause remanded for a new trial.

Huggins & Kayser, of Houston, and J. Lewellyn, of Liberty, for plaintiff in error. E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for defendant in error.

HAMILTON, J. W. H. Keen brought this suit for damages for injuries to his person, alleged to have been received by him as a consequence of the negligence of Bill Kibler, foreman of plaintiff in error, in directing Keen and his companion to cut a tree and saw it into logs. Keen objected to cutting the tree, and, also, to sawing off the butt after the tree had fallen, but, at the command of Kibler, proceeded, with his companion, to do both; whereupon the log, or butt of the tree, swung around, striking Keen,

bruising, lacerating, and seriously wounding him, breaking his leg and crushing his ankle, thereby making him a cripple for life. Keen recovered a judgment in the trial court for $5,000. West Lumber Company appealed, and the judgment of the trial court was affirmed. The company then applied for a writ of error, which was granted.

The Court of Civil Appeals properly disposed of all the matters assigned as error in the application, except that involving conflicting findings by the jury.

On the trial of the case the court submitted to the jury a charge properly defining negligence and proximate cause, and containing for its consideration and answer the following special issues:

"Question No. 1: Was the plaintiff, W. H. Keen, doing the work which he was performing when hurt, under the orders and direction of Bill Kibler?" (To this the jury answered, "Yes.")

"Question No. 2: Was Bill Kibler, as foreman of the defendant company, controlling and directing the work which the plaintiff, W. H. Keen, was performing when he was hurt?" (To this the jury answered, "Yes.")

"Question No. 3: If you answer the foregoing questions Nos. 1 and 2 'Yes,' then answer this question: Was the said Bill Kibler guilty of negligence in ordering and directing the plaintiff, W. H. Keen, to do the work he was performing when hurt, in the manner and method which he did direct and order plaintiff to perform such work?" (To this question the jury answered, "Yes.")

"Question No. 4: If you have answered 'Yes' to foregoing question No. 3, then answer this question: Was such negligence, if any, on the part of said Bill Kibler, the proximate cause of the injury received by plaintiff, if any?" (To this question the jury answered, "Yes.")

In addition, the court submitted to the jury the following:

"Special Charge No. 10. The defendant, West Lumber Company, requests the court to charge the jury as follows: Gentlemen of the jury, no one is guilty of negligence who uses that degree of care which a reasonably prudent and careful person would use under the same or similar circumstances, so, unless you believe and find from a preponderance of the evidence that Kibler failed to use such degree of care when he ordered plaintiff and Williams to cut said tree into logs, as charged, if he did so, then you will answer this question No. 10, 'No.'"

[1, 2] The only question in the case of any merit is whether or not the findings of the jury in its responses to question No. 3 and to special charge No. 10 are conflicting. In answer to question No. 3, the jury found that—

"Bill Kibler was guilty of negligence in ordering and directing the plaintiff, W. H. Keen, to do the work he was performing when hurt, in

the manner and method in which he did direct and order plaintiff to perform such work."

Special Charge No. 10, after making a correct statement as to who is not guilty of negligence, directs the jury as follows:

"Unless you believe and find, from a preponderance of the evidence, that Kibler failed to use such degree of care when he ordered plaintiff to cut the tree into logs, as charged, * * * you will answer this question No. 10, 'No.' "

"Unless," in its primary signification, means, "unloosened from." Its ordinary meaning is, "if it be not that;" "if it be not the case that;" "if not;" "supposing not;" "if it be not." 39 Cyc. p. 836. Therefore special charge No. 10, above, means:

"If you do not believe and find, from a preponderance of the evidence, that Kibler failed to use that degree of care which a reasonably prudent and careful person would use under the same or similar circumstances, when he ordered plaintiff and Williams to cut said tree into logs, * * * you will answer this question No. 10, 'No.' "

It directs the jury to say "No" if it does not find that Kibler failed to use that degree of care which a reasonably prudent and careful person would use under the same or similar circumstances. The jury said "No," and that means that the jury did not believe and find from a preponderance of the evidence "that Kibler failed to use that degree of care which a reasonably prudent and careful person would use under the same or similar circumstances." "No" was simply the sign of the jury's finding. If the special charge had directed it to give the sign "Yes," and the jury had made the sign "Yes," the finding would have been the same. So, with any other word, by which the court might have instructed the jury to signify its finding, it could have done so and would have done so by writing the word.

The special charge was crude in its construction, involved in its use of double negatives, difficult for the untrained to decipher, provided in terms for one answer only, and should never have been given.

"The rule with reference to submitting charges in connection with special issues is announced by Hodge, Justice, in T. & F. S. Ry. Co. v. Casey, 172 S. W. 729, and by Connor, Justice, in J. M. Guffey Petroleum Co. v. Dinwiddie, 182 S. W. 447, and is in substance that the court should not submit charges, either general or special, in connection with the special issues, except for the purpose of giving the jury explanations and definitions of legal terms used, and which are necessary to enable the jury to understand the meaning of such terms. Vernon's Sayles' Civil Statutes, art. 1984a.

General charges of a kind not specified by the statute, submitted in connection with special issues, tend to confuse the jury, and should not be given. Calvin v. Neel, 191 S. W. 791." T. & N. O. Ry. Co. v. Harrington, 235 S. W. 188.

The issue of negligence was clearly submitted in question No. 3, and there was absolutely no reason for giving special charge No. 10, and all reason was against giving it. But, the charge having been given, and the jury having nullified the answer it gave to question No. 3 by its findings as a result of its having been given, we are not at liberty to ignore such nullification.

[3] It is urged that—

"It is perfectly clear that the jury intended to find and did find that appellant's foreman was guilty of negligence, as that term had been properly defined, and it is hardly reasonable to suppose that in the next breath the jury intended to find that appellant's foreman was not guilty of negligence as charged."

We can determine the intention of the jury in no other way than by what it said. What it said makes it impossible to determine its intention, in this case, by that standard. We do not know whether the jury answered question No. 3 before it said "No" to the special charge or not. It may have written "No" to the special charge before it answered question No. 3. It can make no difference which it answered first. The fact is that the jury's findings by reason of what it said in response to both are contradictory. It is not within the province of the court to speculate as to how such contradictory findings occurred or to select from such findings one on which to base a judgment. The contradictory findings are of equal dignity, and each is entitled to the same consideration. No process of reasoning by the court can eliminate one and select the other. For the court to do so would be to substitute itself for the jury in finding the facts. No such authority exists.

The result of the contradictory findings is that the jury made no findings on the question of plaintiff in error's negligence. Therefore no judgment can be predicated upon the verdict, and we recommend that the judgment of the Court of Civil Appeals and that of the trial court be reversed, and that the cause be remanded for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.