# WEST LUMBER CO. v. SMITH. (No. 1382.)

(Court of Civil Appeals of Texas. Beaumont. April 23, 1926. Rehearing Denied May 5, 1926.)

**1. Master and servant ⚖══88(3)—Sawyer, paid according to timber cut under direction of foreman authorized to discharge them, held employé, and not independent contractor.**

Sawyer, employed by lumber company, who, though paid according to timber cut, and who worked at his discretion, was under direction and supervision of lumber company's foreman who had authority to discharge him, was an employé or servant of the lumber company, and not an independent contractor.

**2. Master and servant ⚖══356.**

Under Workmen's Compensation Law (Texas Complete St. 1920, or Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), contributory negligence of injured employé is no defense.

**3. Master and servant ⚖══356.**

Under Workmen's Compensation Law (Rev. St. 1925, art. 8306, § 1, subd. 3), defense of assumed risk cannot be set up by employer who has not provided compensation insurance.

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Trial ⟨key⟩192—Charge held not erroneous as assuming that foreman had authority to direct work done by employé at time latter was injured, where evidence of such authority was undisputed.**

In action by sawyer for injuries when cutting tree pursuant to foreman's direction, charge *held* not objectionable as assuming that foreman had authority to direct work done by plaintiff, in view of undisputed evidence that foreman was in charge of work at time injury occurred.

**5. Trial ⟨key⟩352(4)—Special issues submitted held to have followed the pleadings.**

In action by sawyer for injuries while cutting tree pursuant to foreman's direction, special issues submitted *held* not objectionable as being too broad and not limited to facts pleaded.

**6. Trial ⟨key⟩350(6)—Requested special charge as to whether sawyer, injured while cutting tree, pointed out danger to foreman held properly refused as calling for evidentiary fact, and in view of allegations of foreman's knowledge of danger.**

In action by sawyer for injuries when cutting tree pursuant to foreman's direction, defendant's requested special charge as to whether plaintiff pointed out to foreman danger incident to cutting of tree was properly refused as calling for finding of an evidentiary fact, and was not required because plaintiff pleaded such fact, in view of allegations that foreman personally observed tree, and knew of danger in cutting same.

**7. Trial ⟨key⟩351(5).**

Defendant's requested special charge, which was fully and properly covered in court's main charge in the issues submitted, *held* properly refused.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Action by J. L. Smith against the West Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

J. A. Platt, of Houston, and Feagin & Feagin, of Livingston, for appellant.

Mooney & Smith, of Woodville, and F. Campbell, of Livingston, for appellee.

O'QUINN, J. J. L. Smith sued the West Lumber Company to recover damages for personal injuries alleged to have been sustained as a consequence of the negligence of Oscar Rhoden, foreman of appellant, in directing Smith and his saw partner to cut down a tree. Smith objected to cutting the tree, because of its being surrounded by a large number of tops and limbs scattered around it, and because of other broken off limbs lodged and hanging in the limbs of the tree, but at the command of Rhoden, Smith and his saw partner cut the tree, and, when it was about to fall, he undertook to run to a place of safety to escape the falling limbs, and in doing so was tripped by a limb, and thrown down, and a loose limb that had been hanging in said tree fell upon him, and he was injured. The injuries alleged were that the falling limb struck him on his left knee with such force as that the ligaments of the knee joint connecting the lower half of the leg with the upper half were broken and severed, rendering it impossible for the knee joint to reunite, and that except by artificial means he was unable to walk, and that said limb also struck him in the abdomen with great force, causing an abdominal hernia.

Appellant answered by general demurrer, general denial, and specially pleaded that at the time appellee was injured he was not an employé or servant of appellant, but that he was an independent contractor, carrying on business for himself according to his own methods, and also answered by special pleas of contributory negligence and assumed risk, and the two-year statute of limitation against appellee's cause of action.

Appellee, by supplemental petition, replied to appellant's answer, specially pleading that the defenses of contributory negligence and assumed risk were no defense under article 8306, section 1, subdivisions 1 and 3, Revised Statutes.

The case was tried to a jury upon special issues, and upon their answers judgment was rendered in favor of appellee in the sum of $6,250. Motion for a new trial being overruled, appellant brings this appeal.

[1] At the conclusion of the evidence, appellant presented to the court its special requested charge for an instructed verdict, which was refused. Appellant's first two propositions, based upon its first, third, and fourth assignments of error, assert that the court erred in refusing this instruction, because, it contends, the undisputed evidence shows that appellee was not an employé of appellant in the legal acceptation of the term, and, therefore, the relation of master and servant did not exist between appellant and appellee at the time of the injury, but, to the contrary, appellee at the time was an independent contractor.

At the time appellee was injured he was working for appellant out in the woods sawing down trees, and sawing them into logs to be transported to appellant's sawmill, there to be manufactured into lumber. At the time there were a number of men performing the same kind of service for appellant. These sawyers worked in pairs, and each pair was assigned to a certain "strip" or territory of timber, and were instructed how high above the ground to cut the trees, what length to cut the logs, and were required to cut the strip clean of all timber that was fit for manufacturing into lumber. The sawyers did not go to work at the same hour every day, nor quit at the same hour, but usually went to work at such hour as suited their convenience, and

quit at such time. Neither did they work every day, but could lay off if it suited them. They were not paid by the day, but by the thousand feet for the timber they cut. While they were at work they were under the direction, supervision, and control of Oscar Rhoden, a woods foreman of appellant. He had authority to hire and discharge, and directed the men where to work, and saw that they cut the timber as directed. If sawyers disobeyed his orders, or refused to carry out his orders, he had authority to, and did, discharge them. The tree Rhoden ordered Smith to cut was not on a strip where Smith had cut, but was on a strip where other sawyers had cut and left the tree.

Appellee was an employé or servant of appellant. West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Id. (Tex. Com. App.) 237 S. W. 236; Employers' Indemnity Co. v. Kelly Coal Co., 156 Ky. 74, 160 S. W. 916, 48 L. R. A. (N. S.) 850. The case of West Lumber Co. v. Keen, supra, is conclusive of the question. The facts in that case are on all fours with the facts in the instant case, and the identical question of master and servant, or independent contractor, was urged, and it was determined that Keen was an employé. The case was appealed to the Supreme Court, and that holding was there upheld by the Commission of Appeals, and approved by the Supreme Court. While the case was reversed and remanded by the Commission of Appeals, the reversal was because of conflicting findings by the jury upon the question of negligence, and in nowise affected the question of master and servant.

[2] Appellant's third and fourth propositions, assert that the court erred in refusing to give its requested charge for a peremptory instruction, because the evidence showed that appellee's own negligence contributed to his injury. This contention cannot be sustained. Appellant was subject to the Workmen's Compensation Law of this state. Articles 5246—1 to 5246—91, Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918. Under this law, contributory negligence on the part of the injured employé is no defense. West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Id. (Tex. Com. App.) 237 S. W. 236.

[3] Appellant's fifth proposition is that the court erred in refusing to give its requested charge for an instructed verdict because appellee's injuries were due to dangers and risks inherent in the work being done by appellee, and that all such dangers and risks were assumed by appellee. This contention is overruled. Appellant does not contend that it is not subject to the terms and provisions of the Workmen's Compensation Law, nor does it attempt to defend on the ground that it complied with the provisions of said law, and hence that appellee has no cause of action against it. However, it does contend, as shown by its pleadings and the assignments and propositions set out in its brief, that the injuries suffered by appellee were due to dangers and risks inherent in the work being done by appellee, and that, regardless of the Workmen's Compensation Law, all such dangers and risks were assumed by appellee. We think it was the intention of the Legislature, when it enacted the Workmen's Compensation Law (article 8306, section 1, subdivision 3, Revised Statutes 1925, [section 5246—1, Texas Complete Statutes 1920]), to completely take away from the employer who has not provided compensation insurance for his employés the defense of assumed risk of any injury incident to the employment in which the injured employé was engaged at the time of receiving his injury, and this regardless of whether it be a risk necessarily or ordinarily incident to the work alone being performed by the employé, or whether it be augmented by the negligence of the employer or master. West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Id. (Tex. Com. App.) 237 S. W. 236; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592; Texas Utilities Co. v. Clark (Tex. Civ. App.) 269 S. W. 903. The prime object of the law was to make certain the compensation of the injured employé, and we do not believe that the Legislature, in taking the defense of assumed risk away from the employer subject to the law, but who has refused to comply with its provisions, meant to leave any risk of any nature whatsoever, incident or inherent, available as a defense to such delinquent employer.

Appellant's sixth, seventh, and eighth propositions complain of the court's charge. The complaint is: (1) That the charge did not restrict the issues submitted to the specific acts of negligence raised by the pleadings and evidence; (2) that the issues submitted were not particularly and concretely applicable to the pleadings and the evidence; and (3) that the ground of negligence alleged was that some 30 minutes before the accident appellee was ordered by the foreman of appellant to cut down the tree which caused appellee's injuries, and, this being controverted, the court should have framed the special issues so as to elicit whether or not such order was given, insisting that the issue upon this feature of the case was too broad, and did not limit the issue to the particular orders alleged to have been given by said foreman.

We do not think the charge subject to these criticisms. The court, after properly defining ordinary care, negligence, and proximate cause, submitted to the jury the following special issues:

"Special Issue No. 1. Was the plaintiff, J. L. Smith, doing the work which he was performing when hurt under the orders and directions of Oscar Rhoden?"

To which the jury answer: "Yes."

"Special Issue No. 2. Was Oscar Rhoden, as foreman of defendant company, controlling and

directing the work which the plaintiff, J. L. Smith, was performing when he was hurt?"

To which the jury answered: "Yes."

"Special Issue No. 3. If you answer questions No. 1 and 2, 'No,' then you need not answer this question, but, if you answer the foregoing questions No. 1 and 2, 'Yes,' then answer this question: Was the said Oscar Rhoden guilty of negligence in ordering and directing the plaintiff, J. L. Smith, to do the work he was performing when hurt?"

To which the jury answered: "Yes."

"Special Issue No. 4. If you have answered 'Yes' to the foregoing question No. 3, then answer this question: Was such negligence, if any, on the part of said Oscar Rhoden the proximate cause of the injury received by plaintiff, if any?"

To which the jury answered: "Yes."

In answering special issue No. 5, the jury assessed the damages at $6,250.

Before the court's charge was read to the jury, appellant filed its written objections to the charge, in which it expressly objected to the first and second special issues, because (a) said issues assumed that Oscar Rhoden was authorized by appellant to control and direct the particular work appellee was doing when he received his injuries; and (b) because said issues were entirely too general, pointing out wherein appellant contended they were such; and (c) because said issues should confine the jury to the particular facts and circumstances alleged by appellee as a basis of his cause of action.

[4, 5] We think the charge followed the pleadings and the evidence. As to the first objection that it assumed that the foreman, Rhoden, had authority to control and direct the work done by appellee, it was not disputed but that Rhoden was one of appellant's foremen, and that he was known as "woods foreman." W. P. Gregory, witness for appellant, testified by deposition, in answer to cross-interrogatory No. 4, as follows:

"You asked me if I have answered direct interrogatory No. 6 to the effect that I was foreman for the West Lumber Company in November, 1921, then state whether or not I was the only man who was foreman at that time, and was I the only man from whom Smith received orders. I was general woods foreman for the West Lumber Company, as above stated, and I had only one subforeman, who gave orders and directions, whose position was known as saw foreman, and whose name was G. O. Rhoden, and whose duty it was to give orders relative to cutting of the timber, and who was over the said Smith. No one except myself and said Rhoden had any authority whatever to authorize or direct any one to do anything in connection with the logging operations of said West Lumber Company at said place and time."

So it is undisputed that Rhoden was a foreman of appellant and in charge of and directing the work done by Smith at the time the injury occurred. The objection that the issues submitted by the court were too broad and not limited to the facts pleaded, when the charge is given a reasonable interpretation in connection with the facts shown, is without basis.

[6] Appellant's ninth and tenth propositions complain that the court erred in refusing to give its special requested charge as follows:

"Did the plaintiff, Smith, on the morning he claims to have been injured, point out to Oscar Rhoden. the danger and hazard incident to the cutting of said tree on account of its then conditions?"

The refusal of the charge was not error. The question requested would have been but the finding of an evidentiary fact, and not of an ultimate and controlling fact. Galveston, H. & S. A. Railway Co. v. Williams (Tex. Civ. App.) 217 S. W. 423; Anderson Bros. v. Parker Construction Co. (Tex. Civ. App.) 254 S. W. 645. Appellant insists that, because appellee pleaded that he pointed out to the foreman of appellant the danger of cutting the tree, he tied himself to said allegation, and that it must be proved, and that without a finding on said question, as requested in said special charge, no judgment should have been rendered for appellee. We do not agree with this contention. Appellee, in addition to the matter mentioned in said requested charge, pleaded generally that—

" * * * Said defendant and its agents well knew of the dangerous and hazardous undertaking plaintiff had been ordered to perform, but, notwithstanding the knowledge of such danger, said foreman directed and ordered plaintiff and his saw partner to proceed with the cutting of said tree, and in obedience to such orders and in performance of their duties as employés of defendant under said foreman, they did cut down the tree, and in so performing that work, under the pressure and compulsion of said foreman's orders, plaintiff was seriously and permanently injured, as above particularly alleged."

It was further alleged that Rhoden personally saw and observed the tree in question the evening before the accident, as well as on the morning of the accident, and that he knew of the danger in cutting same.

[7] Appellant's eleventh proposition complains that the court erred in refusing the following special charge:

"Did Oscar Rhoden, the saw foreman of defendant, West Lumber Company, on the morning J. L. Smith claims to have been injured, personally direct and order the plaintiff, Smith, to cut the tree plaintiff claims caused his injuries?"

The assignment is overruled. The matter was fully and properly covered in the court's main charge in the issues submitted.

The twelfth, thirteenth, and fourteenth propositions complain that certain findings of the jury in answer to special issues are not supported by the evidence, and are against the great weight of the evidence, and should be set aside. The assignments are overruled.

The findings complained of are amply supported by the evidence.

The fifteenth proposition asserts that its plea of two-year limitations against appellee's asserted cause of action should have been sustained. This contention is based upon the fact that appellee filed in the trial court an amended petition more than two years after the accident, and more than two years after filing his original petition, and that in said amended petition a new cause of action was set up, requiring different proof. The assignment is overruled. The amended petition was but an enlargement of the original cause of action alleged, and in nowise set up a different or new cause of action.

There is no contest as to the injuries received by appellee, nor that the amount awarded by the jury is excessive. No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.

### On Motion for Rehearing.

Appellant, in its motion for rehearing, complains that in our original opinion we stated that the falling limb struck appellee on his knee, causing injuries thereto, but that the record shows that this injury was caused by the limb that was on the ground that tripped him. In our statement we allude to alleged injuries. The testimony of Smith, the injured party, is as stated by appellant, and we so state. Appellant criticizes our reference to the case of West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592, calling our attention to the fact that Judge Walker, associate justice of this court, dissented, and that Judge Walker was not present when the original opinion herein was handed down. We did not deem it necessary to make any mention of the matters complained of by appellant, but, if it should be done, then we say that Judge Walker did dissent from the views announced by the majority of the court in said case, and also further say that, because of prolonged illness, he was not present when the original opinion herein was handed down. The motion for rehearing is overruled.