## WEST LUMBER CO. v. SMITH.
### (No. 734-4668.)

Commission of Appeals of Texas, Section B. March 3, 1927.

1. **Master and servant** ⬤⟹356—**Nonsubscribing employer cannot excuse negligence because employee by continuing work assumed risk (Rev. St. 1925, art. 8306, § 1, subds. 3, 4).**

Under Workmen's Compensation Act (Rev. St. 1925, art. 8306, § 1, subds. 3, 4), an employer who is a nonsubscriber cannot excuse his own negligence on ground that employee knew thereof and by continuing in such employment assumed risk of such negligence.

2. **Master and servant** ⬤⟹356—**Recovery cannot be had from nonsubscribing employer, where negligence is not shown, and injury is due to inherent risks (Rev. St. 1925, art. 8306, § 1, subds. 3, 4).**

Under Rev. St. 1925, art. 8306, § 1, subds. 3, 4, no recovery can be had from an employer not subscribing to the Compensation Act, where no negligence on his part is shown, but where injury is due to risks inherent in given employment.

3. **Master and servant** ⬤⟹286(39)—**Negligence as to workman ordered to cut dangerous tree held for jury (Rev. St. 1925, art. 8306, § 1, subds. 3, 4).**

In action by sawyer against nonsubscribing employer for injuries when cutting tree under foreman's direction, where sawyer in obedience to order given after protest cut tree only that he might not be discharged, whether employer's act in ordering him to cut it was under facts negligence and proximate cause of injury *held* for jury; negligence of sawyer, if any, in failing to clear up around the tree before cutting, under Rev. St. 1925, art. 8306, § 1, subds. 3, 4, not being a defense.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⚸➾930(1)—Evidence must be considered most favorably to winning party before holding failure to peremptorily instruct verdict against him error.**

The Court of Civil Appeals must consider evidence most favorably to winning party in court below before convicting the latter court of error in not peremptorily instructing a verdict against him.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. L. Smith against the West Lumber Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (283 S. W. 1104), and defendant brings error. Affirmed.

Feagin & Feagin, of Livingston, and J. A. Platt and Baker, Botts, Parker & Garwood, all of Houston, for plaintiff in error.

Fox Campbell, of Livingston, and Mooney & Minter and C. E. Smith, all of Woodville, for defendant in error.

POWELL, P. J. The nature and result of this case are clearly and fully stated by the Court of Civil Appeals. See (Tex. Civ. App.) 283 S. W. 1104. That court affirmed the judgment of the trial court. Briefly, this was a personal injury suit filed by Smith, a sawyer, against the West Lumber Company, eligible to subscribe to the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.), but a nonsubscriber thereto, for damages because of injuries to his abdomen and knee and leg which he alleged were due to the negligence of the lumber company in ordering him to cut a tree which was dangerous. Upon a trial before a jury, he was awarded judgment for $6,250.

Inasmuch as we are in accord with the decision of the Court of Civil Appeals except in the one respect we shall now discuss, we will not further state the case here.

[1, 2] The writ of error was granted by the Supreme Court on the first and second propositions under the first assignment of error. That assignment reads as follows:

"The Court of Civil Appeals has erred in construing section 1 of article 8306 of the Revised Statutes of 1925, being a part of the Workmen's Compensation Law, in holding that an employer who is not a subscriber under the Compensation Law is liable in damages for injuries to an employee which result as a consequence of dangers inherent in and incident to the work being done, and are not the result of any negligence on the part of the employer; thus by construction repealing that part of said section of said law which provides that in actions against an employer who is not a subscriber it shall be necessary to a recovery for plaintiff to prove negligence of such employer."

The first proposition under said assignment reads as follows:

"By section 1 of article 8306 of the Revised Statutes, it is expressly provided that in actions against an employer who is not a subscriber, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment. In every occupation there are dangers which are ordinarily incident to and inherent in the work to be done and which do not result from any negligence of the employer. Every employee contractually assumes risks due to such dangers when he enters the employment, and if he be injured by reason thereof the employer is not liable, because he was not guilty of any negligence, and without negligence there can be no liability."

The second proposition under said assignment reads as follows:

"The Compensation Law does not confer compensation or a cause of action upon an employee of an employer who is not a subscriber, but merely leaves him to proceed as under the common law, with the additional privilege that the employer carnot defeat his right by pleading and proving contributory negligence or the assumption of risks due to his (the employer's) negligence."

The quoted assignment and propositions were directed to the following holding by the Court of Civil Appeals in the instant case:

"Appellant does not contend that it is not subject to the terms and provisions of the Workmen's Compensation Law, nor does it attempt to 'defend on' the ground that it complied with the provisions of said law, and hence that appellee has no cause of action against it. However, it does contend, as shown by its pleadings and the assignments and propositions set out in its brief, that the injuries suffered by appellee were due to dangers and risks inherent in the work being done by appellee, and that, regardless of the Workmen's Compensation Law, all such dangers and risks were assumed by appellee. We think it was the intention of the Legislature when it enacted the Workmen's Compensation Law (article 8306, § 1, subd. 3, Revised Statutes 1925 [section 5246—1, Texas Complete Statutes 1920]), to completely take away from the employer who has not provided compensation insurance for his employees the defense of assumed risk of any injury incident to the employment in which the injured employee was engaged at the time of receiving his injury, and this regardless of whether it be a risk necessarily or ordinarily incident to the work alone being performed by the employee or whether it be augmented by the negligence of the employer or master. West Lumber Co. v. Keen (Tex. Civ. App.) 221 S. W. 625; Id. (Tex. Com. App.) 237 S. W. 236; Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592; Texas Utilities Co. v. Clark (Tex. Civ. App.) 269 S. W. 903. The prime object of the law was to make certain the compensation of the injured employee, and we do not believe that the Legislature, in taking the defense of assumed risk away from the employer subject to the law, but who has refused to comply with its provisions, meant to leave any risk of any

nature whatsoever, incident or inherent, available as a defense to such delinquent employer."

Subdivision 4 of section 1 of article 8306 of the Revised Statutes of 1925, now under construction, reads as follows:

"In all such actions against an employer who is not a subscriber, as defined hereafter in this law, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

Subdivision 3 of said section of said article provides that in an action to recover damages for personal injuries sustained by an employee in the course of his employment, it shall not be a defense that the employee had assumed the risk of the injury incident to his employment. The statutes we have referred to are just the same as those in effect when this suit was instituted.

None of the authorities cited by the Court of Civil Appeals decide this question except the case of West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592. The last-mentioned case was also by the Court of Civil Appeals at Beaumont. Consequently, the Court of Civil Appeals, in the instant case, merely followed its own prior decision. The Morris & Barnes Case does not seem to have reached the Supreme Court in any way. In that case, Justice Walker dissented. Counsel for plaintiff in error, in their application, cite the following authorities not referred to by Judge Walker: Colorado Milling & Elevator Co. v. Bright (Colo.) 231 P. 1111; Bowers v. Halstead Lumber Co. (Ariz.) 236 P. 124; Wood v. Danas, 120 N. E. 159, 230 Mass. 587; Louis v. Smith, 80 W. Va. 159, 92 S. E. 249.

In the Bright Case, supra, the Supreme Court of Colorado said:

"The court instructed, in effect, that if the defendant was negligent, and its negligence was the proximate cause of the injury there was no assumption of risk by plaintiff. This was right. C. L. §§ 4171, 4386, and 4387. These sections, with an exception not now noticed, abolish assumption of risk in the case of the master's negligence. Defendant in error has filed no brief, but we infer that there is some claim that the Workmen's Compensation Act abolishes assumption of risk even when the master is not negligent. This cannot be true, because, first, the sections above cited refer only to the case where the master is negligent; and, second, the question of assumption of risk when the master is not negligent, is academic; if not negligent, he is not liable, and no more need be said. To say that the servant has assumed the risk does not clear but confuses our thought. To say that assumption of risk is in such case abolished can have no meaning but that the master is liable though not negligent."

In the same case, that learned court said:

"Since the Act of 1915 (Laws 1915, p. 515), and the Workmen's Compensation Act (R. C. L. §§ 4375–4525), the doctrine of assumption

292 S.W.—70

of any risk created by the master's negligence has disappeared, but the question of whether the employer was negligent remains, and the workman still assumes, so far as a suit for damages is concerned, the risks not created by the master's negligence."

We think counsel, in their application, aptly state the correct theory in this matter as follows:

"Accurately speaking, it is not correct to say that defendant in error is not entitled to recover because of assumption of risk. It is more proper to say that plaintiff in error is not liable on the theory of nonnegligence, the injuries being due to risks and dangers which are not due to acts of the employer. The employer is relieved from liability because of lack of negligence on his part, and not because the employee assumes the risk, although he unquestionably does so as incident to his contract."

Any other construction of this statute would repeal the same. It is undoubtedly true that the Legislature has penalized employers who are eligible to come under the Compensation Law but who refused to do so. But our lawmakers have never authorized a recovery against a nonsubscriber in the absence of negligence on the part of such employer. All of these sections of this article should be so construed, if possible, as to give effect to each.

In a word, an employer is not permitted to excuse his own negligence on the ground that the employee knew thereof and by continuing in such employment assumed the risk of such negligence. But it is still true that no recovery can be had from a nonsubscriber where no negligence on his part is shown, but where the injury is due to risks inherent in a given employment. It is clear to us that this is the proper construction of the act.

It is unnecessary for us to determine the reason which actuated the Legislature in requiring a showing of negligence on the part of a nonsubscriber before recovery could be had against him. However, in this connection, it is interesting to note the following statement, made by counsel for plaintiff in error in the application for the writ:

"However, the Supreme Court of New York in a very strong opinion has held that a law which attempts to make an employer liable for injury to an employee arising out of necessary risk or danger of the employment, or one inherent in the nature thereof, without fault on the part of the employer, was unconstitutional. Ives v. Railway Co., 201 N. Y. 271, 91 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156. This no doubt is the very reason why the Legislature of our state provided that in cases against nonsubscribers negligence must be proved."

[3] It is contended by counsel for plaintiff in error that there was no evidence of negligence on the part of the lumber company, and therefore its requested peremptory instruction should have been given. We have

carefully read the statement of facts, and are unable to say that there is no evidence in the record sustaining the findings of the jury which were approved by both of the lower courts. We quote as follows from the opinion of the Court of Civil Appeals as to these findings by the jury.

"The court, after properly defining ordinary care, negligence, and proximate cause, submitted to the jury the following special issues:

" 'Special Issue No. 1. Was the plaintiff, J. L. Smith, doing the work which he was performing when hurt under the orders and directions of Oscar Rhoden?'

"To which the jury answered: 'Yes.'

" 'Special Issue No. 2. Was Oscar Rhoden, as foreman of defendant company, controlling and directing the work which the plaintiff, J. L. Smith, was performing when he was hurt?'

"To which the jury answered: 'Yes.'

" 'Special Issue No. 3. If you answer questions No. 1 and 2 no, then you need not answer this question, but, if you answer the foregoing questions No. 1 and 2 yes, then answer this question: 'Was the said Oscar Rhoden guilty of negligence in ordering and directing the plaintiff, J. L. Smith, to do the work he was performing when hurt?'

"To which the jury answered: 'Yes.'

" 'Special Issue No. 4. If you have answered yes to the foregoing question No. 3, then answer this question: 'Was such negligence, if any, on the part of said Oscar Rhoden, the proximate cause of the injury received by plaintiff, if any?'

"To which the jury answered: 'Yes.'

"In answering special issue No. 5, the jury assessed the damages at $6,250."

[4] The negligence relied upon in this case was that the woods foreman ordered Smith to cut a tree which he knew to be dangerous; that Smith protested but finally cut it, in obedience to the order given him, only that he might not be discharged from his employment. In a word, the lumber company says that trees were frequently cut which had loose limbs in their tops, and that it was not negligence, as a matter of law, to order this tree cut. We must consider the evidence most favorably to the winning party before holding that the Court of Civil Appeals erred in approving the action of the trial court in not peremptorily instructing a verdict against him. The record does contain evidence that trees with loose limbs hanging in their tops were frequently cut. On the other hand, there is also evidence that such trees were frequently left uncut. At any rate, Smith thought this tree dangerous, and the jury, under definitions of negligence and ordinary care, to which the company offered no objections, found it was negligence to order it cut. We must sustain such finding, since there is evidence in support thereof.

Again, it is contended by counsel for the lumber company that such negligence, if any, could not be the proximate cause of the injury; that the injury was due to the failure of Smith to clear up sufficiently around the

tree before cutting it. The injury in this case was twofold. One was to the abdomen. The other was to the knee and leg. The undisputed evidence is that the injury to the abdomen was due to a limb which fell from the tree. In other words, the limb causing this injury was not one which was on the ground and should have been cleared up. There is evidence in the record that the abdominal hernia, one of the alleged injuries, would have happened regardless of the failure of Smith to clear up around the tree before cutting it.

On the other hand, the evidence shows that, in attempting to run away from the falling tree, Smith was thrown by stepping on a limb that was hanging under a log laying on the ground; that he was tripped and thrown on his back and received the injury to his knee and leg. It is the contention of the company that this knee and leg injury would not have occurred had the premises around the tree been cleared up before the same was cut. It is also contended, in that same connection, that it was the duty of the sawyer to entirely clean up the premises before cutting a tree. All of the witnesses testified that it was not the duty of the company to clear up around the trees. On the other hand, there is evidence in the record that the sawyers were to use their best judgment as to the extent of such clearing before they cut a tree. There is nothing in the record which says that the clearing should extend five yards from the tree or further. The extent of it was left to the individual sawyer. The proof in this case is that there was some cutting away of the brush and clearing around this tree before it was cut. There is no proof that the extent of this clearing was less than the duty required of Smith. We cannot say, as a matter of law, that there was any failure of duty on the part of Smith in this matter. No such issue was requested to be presented to the jury by plaintiff in error. Consequently, we cannot say, as a matter of law, that the employer had the right to anticipate that Smith would, in the exercise of his duty, clear any further around the tree in question than he did.

Counsel for the lumber company, on the proximate cause issue we are now discussing, rely strongly upon the decision of Section A of the Commission of Appeals in the case of Payne v. Robey (Tex. Com. App.) 257 S. W. 873. We think that case was correctly decided. In that case, the rules of the company required this cook on the dining car, before retiring at night, to see that the waste hole in the car was closed. The company did have the right to anticipate that he would close the hole, and was not required to place a light over it to keep him from falling in it the next morning. In the Robey Case, there was a definite duty to perform. There was no room for the exercise of any discretion or judgment. There was an admitted failure

to observe a definite rule of the company. Therefore, as a matter of law, the failure to put a light over the hole in order to keep this cook from falling in it the next morning was not the proximate cause of the injury. But, in the case at bar, as already shown, there was no breach of any such definite and clearly defined duty. In fact, as already stated, there may have been no breach of any duty at all. The jury was not asked to make any such finding. If there was no breach of any duty, then it is immaterial whether or not the employer had the right to anticipate such failure on the part of Smith.

In submitting the issue of proximate cause herein, the court had this very anticipation theory in mind. The charge upon this point read as follows:

"By 'proximate cause,' as that term is used by the court in issues submitted to you, is meant efficient cause without which the particular accident would not have happened and from which the same or a similar occurrence ought reasonably to have been foreseen as a logical and probable consequence."

The jury found that the cutting of this tree was negligence and that such negligence was the proximate cause of the injury. There is evidence in the record to sustain each of these findings.

As we view the alleged failure of Smith to properly clear up around the tree before cutting it, we think such an allegation involves the question as to whether or not such failure of duty was contributory negligence. But, even if Smith should have been found guilty of negligence in this respect, and even though such negligence contributed to the injury, it would be no defense here. It seems to us that there was a discretion allowed the sawyers as to how much clearing they should do before cutting a tree. The most that can be said is that Smith may have been negligent in determining just how much clearing he should do before cutting the tree in this case. If so, it can only be said that he failed to exercise that degree of care which an ordinarily prudent person should have exercised under the same or similar circumstances, and he was therefore guilty of negligence. The West Lumber Company had no right to anticipate that an employee might not err in exercising a discretion of this kind. It is clear that neither of these injuries would have occurred but for the cutting of this tree. It might be said that the injuries would not have occurred had Smith cleared up sufficiently around the tree before he cut it. We submit that if he failed to clear up around the tree he was merely guilty of contributory negligence, which is no defense to this action.

Although we differ from the view of the Court of Civil Appeals in the important respect first discussed herein, we are of the view that it is correct in its other holdings and that such holdings authorized its judgment. In other words, we think that court should have affirmed the lower court upon the finding that the lumber company was guilty of negligence which was the proximate cause of the injuries received by Smith.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.