## HUNT v. ROBINSON.

No. 1270.

Court of Civil Appeals of Texas. Waco.

Nov. 10, 1932.

Rehearing Denied Dec. 15, 1932.

L. W. & B. D. Shepperd, of Groesbeck, for appellant.

Reed & Cannon, of Groesbeck, and W. M. White, of Mexia, for appellee.

BARCUS, J.

Appellant instituted this suit against appellee to recover damages which he claims to have suffered in a fall from a scaffold while working as a carpenter. The record shows that appellee as a contractor had taken a contract to build a house and had employed three carpenters to work with him on the job. He did not take out any workman's compensation insurance. At the time of the injury appellee was working in the garage on the premises making window frames. He instructed appellant to do some work on the outside of the building. In order to do the work appellant built a scaffold about five feet high across the west side of the house. While standing on the scaffold doing the work, the scaffold fell and resulted in appellant being injured. Appellee had nothing to do with building the scaffold; did not see it after it was built by appellant prior to the happening of the injury and made no inspection thereof. Appellant was an experienced carpenter and he built the scaffold.

In answer to special issues the jury found that appellant was injured while working on the scaffold by reason of it having given way; that the scaffold was unsafe and insecure and was insufficiently nailed. It found that appellee did not examine the scaffold prior to the time appellant was injured and did not see that it was insecure or insufficiently nailed. It further found that appellee was not negligent in failing to examine the scaffold or in failing to see that it was sufficiently nailed prior to the injury and that appellee's failure to make said examination was not a proximate cause of the injury. Based on said findings, judgment was entered by the trial court denying appellant any recovery.

■ By his first assignment of error appellant contends that the answers of the jury to the two special issues submitted as to whether appellee was guilty of negligence in failing to inspect or discover the unsafe condition of the scaffold, are not supported by the evidence. By his second assignment, appellant contends that the trial court should

have instructed the jury that appellant was entitled to recover, as a matter of law, damages which would reasonably compensate him for the injuries which he received. By his third assignment, appellant contends that the court should have instructed the jury that, since appellee did not carry workman's compensation insurance, any negligence on the part of plaintiff (appellant) short of an intentional injury to himself is not a defense available to the defendant (appellee). Appellant's general contention under these assignments is that appellee owed appellant the duty of inspecting and supervising the work appellant was doing when he was injured and the failure to do so, as shown by the undisputed evidence, was negligence on the part of appellee. We overrule this contention. The law seems to be well settled that before an employee can recover damages against his employer he must affirmatively show that the injury was caused by some act of negligence on the part of his employer or the agent of said employer. West Lumber Co. v. Smith (Tex. Com. App.) 292 S. W. 1103, and authorities there cited. The facts in this case show that appellant was an experienced carpenter; that he constructed the scaffold from which he fell; that he alone built it and was using and occupying it at the time same did fall; that appellee was not consulted about the method, manner, or way the scaffold should be built, knew nothing about it, and had nothing to do therewith, and there is no contention that any other agent or employee of appellee had any connection with the building of said scaffold or did any act which in any way caused same to fall. Appellee under no phase of the testimony was responsible for the scaffold falling or for its defective construction.

Appellant's remaining assignment complains of certain argument made by counsel for appellee to the jury. Appellee's counsel stated, in substance, to the jury that before plaintiff could recover the jury must find that the defendant was guilty of negligence and that the defendant therefore wanted the jury to answer issues 5 and 9 in the negative, said two issues being the only ones which inquired as to whether appellee was guilty of negligence. Under the record in this case we think said remarks do not authorize a reversal of the judgment. The issues as submitted were few and simple. If the jury were of average intelligence, they knew that before appellant could recover any damages they must find that appellee was guilty of one or both of the acts of negligence submitted to them. Even if said argument was erroneous in letting the jury know what the result of their answers would be, we are of the opinion it is harmless in this case since, under the undisputed facts, the trial court would have been justified in

giving a peremptory instruction to the jury to return a verdict for appellee.

We have examined all of appellant's assignments of error and same are overruled. The judgment of the trial court is affirmed.