## HERNANDEZ v. MALAKOFF FUEL CO.

### No. 12232.

Court of Civil Appeals of Texas. Dallas.

July 3, 1937.

Rehearing Denied Oct. 2, 1937.

Bumpass & Killough, of Terrell, and W. G. Sears, of Houston, for appellant.

Bishop & Parsons, of Athens, for appellee.

JONES, Chief Justice.

Appellant, Pedro S. Hernandez, was a coal miner, and appellee, Malakoff Fuel Company, was engaged in mining lignite coal in Henderson county, Texas. On September 10, 1934, appellant was in the employ of appellee in its coal mines and working in cross-cut No. 6 in mine No. 3, when he was injured by the falling of shale and coal in said cross-cut No. 6. Appellant belonged to the night shift, working from 6 p.m. throughout the night, and the injury occurred about 10 p.m. Appellee, though qualified to do so and not exempt therefrom, was not a subscriber to the Workmen's Compensation Law of this state (R.S. art. 8306 et seq., as amended [Vernon's Ann.Civ.St. art. 8306 et seq.]) ; hence carried no compensation insurance for its employees. Under the provisions of section 1 of article 8306, R.S., of the Workmen's Compensation Law, appellee was deprived of the right, in a common-law action for damages because of personal injuries inflicted on one of its employees, to urge as a defense that the injured employee was guilty of contributory negligence, or that the injury resulted from the negligence of a fellow employe, or that the

injury·resulted from .a risk incident to his employment.

In due time, appellant instituted this suit in the district court of Henderson county, to recover his alleged damages, on allegations of negligence on the part of appellee, its agents and employees, proximately causing the injuries. The petition also alleged that appellee, though qualified to do so under section 2 of article 8306, had not qualified as a "subscriber" to the Workmen's Compensation Act and carried no indemnity insurance.

The case was tried to a jury and, at the conclusion of appellant's evidence, on motion of appellee, an instructed verdict was rendered in its favor, and on such instructed verdict the judgment appealed from was rendered.

Appellant alleged negligence because of the failure of appellee to furnish him a reasonably safe place to work—in that, (a) appellee failed to guard against the falling or caving in of the mine and its ceiling by bracing the same with timber or collar bars, and that by reason of such failure appellee was injured; (b) because of the failure to provide sufficient light for appellee to perform his work and enable him to see the condition of the mine, while he was discharging the duties of his employment. It is alleged that, because of each of these failures, appellee failed to exercise ordinary care to provide a reasonably safe place for appellant to perform the work of his employment, and that his injury was a proximate result of each of said failures.

Appellee especially pleaded that it did exercise ordinary care to furnish appellant a safe place in which to work, considering the nature of the mine and the nature of the place where he was employed, and that, if appellant was injured by the caving in of the ceiling of the mine, as alleged by appellant, it was not through any fault or negligence of appellee, "but was solely caused by the acts or omissions of the plaintiff, in that; (a) he was so engaged in digging coal that the ceiling was caused by such digging to cave in; (b) plaintiff failed to keep his head light in good condition so that he could see where he was working and the condition of the roof above him; (c) plaintiff failed to look where he was working and failed to observe that portion of the roof which he alleged caved in; (d) plaintiff failed to exercise due care with reference to where

he was working and did not keep a proper lookout to detect the condition of the roof of the mine. That the failure of the plaintiff to exercise ordinary care for his own safety in each respect hereinabove set out was the sole proximate cause of plaintiff's injuries."

Appellee further alleged that, if appellant's injuries were sustained by reason of the ceiling caving in or falling in, then that said ceiling was caused to cave in or fall in by reason of and during the progress of the work of the said plaintiff and his fellow employees, without the knowledge of and without negligence on the part of the defendant.

Appellant duly excepted to the defensive pleas set out in appellee's answer, contained in allegations (a), (b), (c), and (d), on the ground that appellee did not allege that it was a subscriber to the Workmen's Compensation Act, and that each of said pleas set up the defense of contributory negligence, which was denied appellant under section 1 of article 8306. If this pleading be an attempt to urge the defense that appellant could not recover because he was guilty of contributory negligence, as that doctrine is generally applied in negligence cases, then the court erred in overruling each of the exceptions; but such is not the pleading of appellant as we interpret it.

■ Appellee preceded the pleading in question by allegations that it exercised the care that a reasonably prudent person would have exercised in furnishing appellant a safe place to work, and that his injuries were not caused by a negligent act on its part, but were caused solely by the alleged specific acts of negligence of appellant now under inquiry. While said section 1 of article 8306 denied to appellee the right to defend under the doctrine of contributory negligence, it does not deny to appellee the right to plead and prove that appellant's injuries were solely caused by his own negligent acts.

■ There is a manifest distinction between an allegation that a plaintiff was guilty of contributory negligence, which caused his injuries, and the allegation that plaintiff's injuries were caused solely by his own negligence. Contributory negligence is usually defined to be such negligence on the part of a plaintiff, which, concurring with the negligence of a defendant, proximately caused the injuries complained of. The allegations in appellee's

answer cannot be denominated allegations of contributory negligence, but are allegations of negligence, evidenced by the specific acts alleged, as the sole proximate cause of his injuries.

Subsection 4, § 1, art. 8306, declares that, in a suit by an injured employee against a non-subscriber, "it shall be necessary to a recovery for plaintiff to prove the negligence of such employer or some agent or servant of such employer, acting within the general scope of his employment." Recognizing the necessity ·of showing that his injuries were the result of negligence, appellant specifically alleged negligent acts on the part of appellee. Appellee specifically denied such alleged negligent acts on its part,· and then affirmatively alleged that the injuries claimed by appellant were caused solely by his own negligent acts, and did not allege that appellant was guilty of contributory negligence, which, but for the statute,·denying to appellee the defense of contributory negligence, would be equally as good a defense. There was no error in the court's action in overruling the exceptions.

 Did the court err in giving the peremptory instruction in favor of appellee? If the evidence offered by appellee raised either issue of negligence alleged in appellant's petition, there was error. If neither of said issues was raised by the evidence, then the court did not err.

Appellee was charged with the duty to exercise the care that an ordinary prudent person would have exercised under the conditions and circumstances attending appellant's work, to the end ·that appellant would be furnished a reasonably safe place in which to perform the duties of his employment, taking into consideration the character ·of the work in which appellant was engaged. The evidence shows that appellant was engaged in taking out coal from cross-cut No. 6 in mine No. 3; that there was danger at all times of a falling of the ceiling to such cross-cut or a caving in of the walls. Could this danger have been lessened by appellee and the place in which appellant was working have been rendered safer? The evidence of appellant, also that of Jose Hermandez (not related to appellant), and of J. B. Brannon, a miner of long · years' experience, tends to show that by the proper use of timber in the way of braces and collar bars the place in which appellant was working would have been rendered safer. There is evidence to the contrary, but, when the court gave the peremptory instruction, it necessarily weighed the evidence pro and con on that issue, and thereby assumed a province that did not belong to the court, but rested solely with the jury. We think, therefore, that the court erred in ·giving the peremptory instruction. Lone Star Lignite Min. Co. v. Caddell (Tex.Civ.App.) 134 S.W. 841 (writ of error refused by the Supreme Court); Consumers Lignite Co. v. Grant (Tex.Civ. App., Dallas) 181 S.W. 202 (writ of error refused); West Lumber Co. v. Smith (Tex.Com.App.) 292 S.W. 1103. In annotations, to the case of Elk Horn Mining Corporation v. Vanhoose, 15 A.L.R. 1382, under the heading of "Various grounds upon which fault may be imputed to the employer," the editor of the annotations says: "In actions to recover on the ground of an employer's negligence in failing to see that the roof and walls of the underground workings of a mine operated by him are properly supported, the gravamen of the charge may, according to circumstances, be an alleged breach of duty in one or other of the following particulars. * * * (2) That he failed entirely to timber that place. This is the situation involved in the great majority of the cases." This announcement is sustained by the citation of a number of authorities.

There was an entire failure on the part of appellee to do anything to render the place in which appellant was working reasonably safe for the performance of his work. We think the· evidence raises the issue of negligence because of a failure to furnish a reasonably safe place to work, and this issue should have been submitted to the jury, together with appellee's defensive issue that, because of the progress of appellant's work, it was impracticable to use timber braces for such protection.

 We have carefully examined appellant's other assignments, including that of the ruling of the court sustaining an objection to evidence showing that injuries in the past had happened· in this mine, with the result that we find no reversible error in the court's rulings. It follows that, in our opinion, this case must be reversed and remanded.

Reversed and remanded.